**Sharon JENNINGS, Plaintiff,**

v.

**D.H.L. AIRLINES, Defendant.**

**No. 83 C 5789.**

United States District Court, N.D. Illinois, E.D.

May 21, 1984.

## MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

In this action brought under Title VII, 42 U.S.C. §§ 2000e–2000e–16 (1982), plaintiff Sharon Jennings alleges that defendant D.H.L. Airlines discriminated against her because she is a woman. She claims that

D.H.L. permitted her male coworkers to sexually harass her and fired her because she complained about sexual harassment and because she became involved in a physical altercation with a coworker, who was not fired. In its answer D.H.L. alleges that it terminated plaintiff because of the altercation. D.H.L. has subpoenaed the records of plaintiff's psychologist, Dr. Rosenzweig. Plaintiff has moved to quash the subpoena on the grounds of the psychotherapist-patient privilege.

D.H.L. seeks Dr. Rosenzweig's records regarding plaintiff for the purpose of proving that plaintiff's complaints of sexual harassment were caused by her emotional problems and not actual sexual harassment. Plaintiff was oversensitive to the conduct of her coworkers, which resulted in her believing that she was being sexually harassed, defendants argue. D.H.L. initially referred plaintiff to Dr. Rosenzweig while plaintiff was working for D.H.L. Dr. Rosenzweig allegedly informed a management employee of D.H.L. that plaintiff had a "socialization problem." Murphy Aff. Although it does not define the term "socialization problem," D.H.L. contends that it was plaintiff's emotional difficulties that caused her complaints and termination.

Under the Federal Rules of Evidence, privileges in federal question cases are governed by "the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed.R.Evid. 501. Rule 504 of the proposed Fed.R.Evid., which was approved by the Supreme Court but not enacted by Congress, provided for a psychotherapist-patient privilege. Although Congress chose to eliminate the detailed rules for specific privileges from the Federal Rules of Evidence in favor of rule 501, the Advisory Committee's recommendations on specific privileges "are a useful guide to the federal courts in their development of a common law of evidence." *United States v. McPartlin*, 595 F.2d 1321, 1337 (7th Cir. 1979). Whether to recognize the existence of a privilege depends upon the particular case involved:

> The intention of Congress in enacting Rule 501 was that "recognition of a privilege based on a confidential relationship and other privileges should be determined on a case-by-case basis." 1974 U.S.Code Cong. & Ad.News p. 7059 ... In making the case-by-case determination, it is helpful to weigh the need for truth against the importance of the relationship or the policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case.

*Ryan v. IRS*, 568 F.2d 531, 543 (7th Cir. 1977).

Proposed rule 504, which provides guidance in the decision of whether to recognize a privilege states that "[a] patient has a privilege to prevent any other person from disclosing confidential communications, made for the purposes of diagnosis or treatment under the direction of the psychotherapist." The rule enumerates three exceptions. None is applicable here.[1] Nor does D.H.L. contend that Dr. Rosenzweig was not plaintiff's psychotherapist.

■ In deciding whether a privilege should apply, we should, according to *Ryan*, consider the need for truth, the importance of the relationship, and the likelihood that the privilege will protect the relationship. The relationship at stake here is the relationship between a psychotherapist and his patient. The policy which underlies the privilege is that "[u]nlike the patient with physical complaints who will consult a

---

1. Proposed Rule 504(d)(3) provides that

   [t]here is no privilege under this rule as to communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relied upon the condition as an element of the claim or defense, or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of his claim or defense.

   Despite defendant's allegation that plaintiff's complaints of sexual harassment were caused by emotional problems, the exception to the proposed rule does not apply because plaintiff is alive. Plaintiff does not allege that her emotional state is part of her claim.

physician regardless of whether confidentiality is guaranteed, a neurotic or psychotic individual may seek help only if he is assured that his confidences will not be divulged, even in a courtroom." 2 J. Weinstein & M. Berger ¶ 504[03] at 504-15–16 (1982).

In this case knowledge that disclosure of confidential information would occur would likely have damaged plaintiff's relationship with her psychologist. She was referred to Dr. Rosenzweig by D.H.L. apparently due to problems at work. Had she known that Dr. Rosenzweig might be required to disclose her confidences in a lawsuit against those she believed caused her problems, her trust in Dr. Rosenzweig doubtless would have diminished.

Against the interests which the privilege is intended to protect weighs D.H.L.'s need for the information sought. A charge of sexual harassment requires the plaintiff to prove that the defendant had subjected the plaintiff to unwelcome sexual harassment based on the sex of the plaintiff, and that the harassment affected the terms, conditions, or privileges of employment. *Henson v. City of Dundee,* 682 F.2d 897, 903–04 (11th Cir.1982). Among the conditions of employment is the psychological well being of the employee. *Id.* at 902; *Bundy v. Jackson,* 641 F.2d 934, 944 (D.C.Cir. 1981). If plaintiff here claimed that the condition of employment which the defendant's conduct affected on the basis of her sex was her psychological well-being, then plaintiff's emotional state would be directly in issue. The exception to proposed rule 504 for elements of a claim or defense would be satisfied. Plaintiff, however, makes no such claim.

The Equal Employment Opportunity Commission defines sexual harassment as conduct which "has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment." 29 C.F.R. § 1604.11 (1983). The use of the word "unreasonably" indicates that whether an employee is sexually harassed is generally an objective determination and that the focus of the question of sexual harassment should be on the defendant's conduct, not the plaintiff's perception or reaction to the defendant's conduct. "For sexual harassment to state a claim under Title VII, it must be sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment." *Henson,* 682 F.2d at 904. If defendant's conduct was sufficiently extreme to violate Title VII, then plaintiff's reaction to or interpretation of that conduct is unimportant. If, on the other hand, defendant's conduct did not unreasonably interfere with plaintiff's working environment, her perception of defendant's conduct does not suffice to create a violation of Title VII. What defendant's actions were and whether those actions unreasonably interfered with plaintiff's ability to perform her job are questions which can be determined without violating plaintiff's confidences to her psychotherapist. To the extent that plaintiff's interactions with her coworkers and her reactions to defendant's conduct are important, defendant has means to obtain such information short of obtaining Dr. Rosenzweig's records on plaintiff.

Also, defendant could possibly use Dr. Rosenzweig's records to impeach plaintiff. If plaintiff testified that certain actions occurred, perhaps records of her "socialization problem" could be used to question her credibility as to how her fellow employees treated her. Because D.H.L. can call those employees to testify, its need for plaintiff's psychological record is not great. It does not outweigh the importance of protecting the confidentiality of the psychologist patient relationship.

D.H.L. argues that the privilege was waived when Dr. Rosenzweig told the D.H.L. employee that plaintiff suffered from a socialization problem. The privilege belongs to plaintiff, however, not to her psychologist. She has not waived it.

Dr. Rosenzweig's records of plaintiff are privileged. Plaintiff's motion to quash the subpoena is granted.