FRANKLIN PUBLISHING CO., INC. *vs.* MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION. No. 87-577. March 8, 1988. *Employment,* Discrimination. *Anti-Discrimination Law,* Damages. *Damages,* Under anti-discrimination law, Emotional distress.

Merle Gowen-Esdale was fired in a particularly unfeeling way from her job as assistant receptionist at Franklin Publishing Co. (Franklin) because of her condition of pregnancy. She initiated a sex-discrimination proceeding before the Massachusetts Commission Against Discrimination. A hearing commissioner held in Gowen-Esdale's favor and that decision was upheld (with minor modification) by the full commission. The commission ordered Franklin to cease and desist from further acts of discrimination against women on the basis of pregnancy, and to pay Gowen-Esdale $5,953.86 representing wages and medical insurance premiums lost, and a further sum of $10,000 as compensation for emotional distress, both sums to bear interest from the date of the filing of the original complaint. Upon Franklin's appeal to the Superior Court under G. L. c. 30A, § 14, a judge of that court entered a judgment which affirmed the decision regarding back pay and premiums, but allowed interest only from the date of the decision of the full commission;

disallowed all recovery for emotional distress; and made no mention of the cease and desist provision.

The commission appeals and urges us to modify the judgment so as to reinstate the commission's order. We agree that this is manifestly required. As discrimination on the basis of sex was established (the judge assumed as much in allowing back pay and premiums), the commission was right under the statute, G. L. c. 151B, § 5, to enter the cease-and-desist order. See *Katz* v. *Massachusetts Commn. Against Discrimination*, 365 Mass. 357, 365-366 (1974). Upon a review of the record before the commission, a review "unaffected by the judge's conclusions," see *Wheelock College* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. 130, 132 (1976), we find "substantial" evidence, see G. L. c. 30A, § 14(7), as appearing in St. 1973, c. 1114, § 3, that Franklin's discriminatory conduct caused Gowen-Esdale emotional distress. This is compensable in commission proceedings. See G. L. c. 151B, § 5; *Bournewood Hosp., Inc.* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. 303, 313-317 (1976); *College-Town, Division of Interco, Inc.* v. *Massachusetts Commn. Against Discrimination*, 400 Mass. 156, 168-169 (1987); *Buckley Nursing Home, Inc.* v. *Massachusetts Commn. Against Discrimination*, 20 Mass. App. Ct. 172, 181-183 (1985). The judge was perhaps misled by the fact that the woman was already in a disturbed condition, because of her worry about carrying the pregnancy to term, at the moment she was dismissed from her job. But added distress could be and was caused by the dismissal. See *Buckley Nursing Home* at 182. The amount of the award for emotional distress had also to find support in "substantial" evidence, see *Buckley Nursing Home* at 182, and it did. The testimony of the woman herself, her husband, and a coworker who witnessed the dismissal, was demonstrative; it was not a condition of recovery that there be testimony by a psychiatrist or psychologist. See *College-Town*, 400 Mass. at 169. Of course no one expects proof of amount to a mathematical certainty. The commission assembles some comparable awards in its brief. That the commission could allow interest on the money awards from the date of the original complaint is settled by *College-Town* at 169-170.

The judgment will be so modified as to reinstate the commission's decision.

*So ordered.*

*Jean A. Musiker* for the defendant.
*John C. Webster, III,* for the plaintiff.