Mark H. SABREE, Plaintiff,

v.

**UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, LOCAL NO. 33, Defendant.**

Civ. A. No. 88–0580–H.

United States District Court,
D. Massachusetts.

June 8, 1989.

---

Paul A. Manoff, Boston, Mass., for plaintiff.

Aaron D. Krakow, Feinberg, Feld, Charnas & Schwartz, Boston, Mass., for defendant.

## ORDER ON DEFENDANT'S MOTION TO COMPEL

JOYCE LONDON ALEXANDER, United States Magistrate.

The instant motion arises from an action brought pursuant to 42 U.S.C. § 2000e and Mass.Gen.L. ch. 151B, § 4. Plaintiff Mark H. Sabree ("Sabree"), alleges that the defendant, United Brotherhood of Carpenters and Joiners of America, Local No. 33 ("Union"), unlawfully denied him membership in the Union because he is black. Sabree seeks damages for lost wages and emotional distress.[1]

By the instant motion, the Union seeks an order compelling the production of the records of Sabree's psychotherapist pursuant to Fed.R.Civ.P. 34. Sabree vehemently opposes production of the records on the ground that they contain privileged psychotherapist-patient communications within the purview of Mass.Gen.L. ch. 233, § 20B.[2] Sabree has provided the court with the records for *in camera* inspection.

---

1. The latter damages are sought pursuant to state law as 42 U.S.C. § 2000e *does not provide* for emotional distress damages.

2. Mass.Gen.L. ch. 233, § 20B provides, in pertinent part:
   except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto and in legislative and administra-

The Union argues that whether the issue is controlled by state or federal law, it is entitled to production of the records. First, the Union contends that under Fed. R.Evid. 501, the federal rules concerning privilege should apply to both the state and federal claims. Consequently, the Union reasons that because the federal common law has not fashioned the specific privilege asserted in this case, this Court must decline to recognize the psychotherapist-patient privilege altogether. In the alternative, the Union states that even assuming *arguendo* the state law of privilege applies, the psychotherapist-patient privilege is statutorily inapplicable here because Sabree has placed his mental or emotional condition in issue by claiming damages for emotional distress. In that regard, the Union submits that it would be contrary to the interests of justice to disallow discovery which may demonstrate that Sabree's damages are due to causes unrelated to the Union's conduct.

■ Under Fed.R.Civ.P. 26(b)(1) parties may obtain discovery regarding any matter "not privileged" which is relevant to the subject matter involved in the pending action. In federal courts, evidentiary privileges are governed by Fed.R.Evid. 501. *N.O. v. Callahan*, 110 F.R.D. 637, 640 (D.Mass.1986). This Rule applies to pre-trial discovery matters as well. *Id.*

■ For the following reasons, this Court concurs with the Union that under Fed.R.Evid. 501, where, as here, evidence that is the subject of an asserted privilege is relevant to both federal and state law claims, federal law governs the privilege. *First Federal Savings and Loan Association v. Oppenheim, Appell, Dixon and Co.*, 110 F.R.D. 557, 560 (S.D.N.Y.1986). This approach is accordant with the senate report accompanying the Senate's version

of Rule 501 which states that "[i]t is also intended that the federal law of privileges should be applied with respect to pendent state law claims when they arise in a federal question case." S. Report No. 93–1277, reprinted in 1974 U.S.Code, Cong. & Admin.News 7051, 7059 n. 16. Concomitantly, this Court concludes that federal law governs the psychotherapist-patient privilege asserted in this case.

However, the Union is incorrect in assuming that because Congress elected not to adopt a specific rule governing the psychotherapist privilege, it precluded recognition of such a privilege. Fed.R.Evid. 501 instructs this Court that recognition of a privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." Thus, rather than precluding the recognition of such a privilege, Rule 501 "envisions the flexible development of the federal common law of privilege on a case-by-case basis." *In re Production of Records to Grand Jury*, 618 F.Supp. 440, 442 (D.C. Mass.1985) quoting *United States v. Gillock*, 445 U.S. 360, 367, 100 S.Ct. 1185, 1190, 63 L.Ed.2d 454 (1980).

Moreover, with respect to the psychotherapist-patient privilege, the Senate Report to Rule 501 stated, in pertinent part:

It should be clearly understood that, in approving this general rule as to privileges, the action of congress should not be understood as disapproving any recognition of a psychiatrist-patient … or any other of the enumerated privileges contained in the Supreme Court Rules. Rather, our action should be understood as reflecting the view that the recognition of a privilege based on a confidential relationship and other privileges should

tive proceedings, a patient shall have the privilege of refusing to disclose, and preventing a witness from disclosing, any communication, wherever made, between said patient and the psythotherapist relative to the diagnosis or treatment of the patient's mental or emotional condition …

The privilege granted hereunder shall not apply to any of the following communications:— …

(c) In any proceeding, except one involving child custody, in which the patient introduces his mental or emotional conditions as an element of his claim or defense and the judge or presiding officer finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected. …

be determined on a case-by-case basis. S. Report No. 93–1277, *supra* at 7059.

While the First Circuit has declined to decide whether a psychotherapist-patient privilege exists under Federal common law principles, *United States v. Barrett,* 766 F.2d 609, 618 n. 8 (1st Cir.1985), *cert. denied,* 474 U.S. 923, 106 S.Ct. 258, 88 L.Ed.2d 264 (1985), it is clear that this Court has the authority to recognize such a privilege.

In deciding whether to apply the psychotherapist-patient privilege in the case *sub judice,* this Court must balance the particular federal interests involved against the rationale and comparative strength of the particular evidentiary privilege claimed. *In re Production of Records to Grand Jury, supra* at 442. Additionally, "[a] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Lora v. Board of Education,* 74 F.R.D. 565, 576 (E.D.N.Y.1977) citing *United States v. King,* 73 F.R.D. 103, 105 (E.D.N.Y.1976).

■ In the case of *In re Hampers,* 651 F.2d 19, 22–23 (1st Cir.1981), the Court of Appeals delineated a four-prong analysis for balancing the various state and federal interests, and to determine whether, and to what extent, the federal common law of privilege would recognize a state evidentiary privilege against disclosure. The four factors are as follows:

1. Would the courts of Massachusetts recognize such a privilege?

2. Is the state's asserted privilege "intrinsically meritorious in our own independent judgment"?

3. Should such a privilege be "sedulously fostered"?

4. Is injury that would inure to the relationship by the disclosure of the communication greater than the benefit thereby gained?

■ Employing the *Hampers'* analysis, this Court must first determine whether the Massachusetts courts recognize such a privilege. Clearly, the Massachusetts legislature recognizes privileges for psychotherapists. *See* Mass.Gen.L. ch. 233, 20B; *Commonwealth v. Kobrin,* 395 Mass. 284, 479 N.E.2d 674, 680–82 (1985) (recognizing a psychotherapist-patient privilege though ordering disclosure of records of patient appointments and fees to Grand Jury in Medicaid fraud case).

Next, this Court must determine whether the state psychotherapist-patient privilege is "intrinsically meritorious." The rationale underlying the privilege is plain:

[u]nlike the patient with physical complaints who will consult a physician regardless of whether confidentiality is guaranteed, a neurotic or psychotic individual may seek help only if he is assured that his confidences will not be divulged, even in a courtroom.

*See Jennings v. D.H.L. Airlines,* 101 F.R.D. 549, 551 (N.D.Ill.1984) *quoting* 2 J. Weinstein & M. Berger 504[03] at 504–15–16 (1982). Moreover, this Court notes that the interests protected by the recognition of a psychotherapist-patient privilege are extensive. They include the interests of the patient in obtaining treatment for mental illness as well as society's interests in the advancement of mental health. *See In re Zuniga,* 714 F.2d 632 (6th Cir.1983), *cert. denied,* 464 U.S. 983, 104 S.Ct. 426, 78 L.Ed.2d 361 (1983) (citing cases and authorities); *see also* Advisory Committee's Notes to proposed Rule 504. Given the nature and importance of the interests involved as well as the manifest intent of the Massachusetts legislature in enacting Mass.Gen.L. ch. 233, § 20B, it is readily apparent that the psychotherapist-patient privilege is "intrinsically meritorious" and should be "sedulously fostered."

Last, this Court must weigh the importance of Sabree's privacy interests against the defendant's claimed need for the information. The Union posits that it needs the records to demonstrate that plaintiff's damages may be attributed to other causes.[3]

3. In support, the Union relies on the case of

*Flora v. Hamilton,* 81 F.R.D. 576 (M.D.N.C.

Plaintiff, on the other hand, insists that the injury to his privacy interests which would result from the disclosure outweighs defendant's need for the records. In refuting defendant's position (need), plaintiff appropriately cites *Franklin Publishing Co., Inc. v. Massachusetts Commission Against Discrimination*, 25 Mass.App.Ct. 974, 519 N.E.2d 798 (1988), which held that under Massachusetts law, testimony by a psychotherapist is not even required to establish emotional distress damages in an employment discrimination suit. Specifically, plaintiff points out that the *Franklin* court held that even where plaintiff was in a disturbed condition for reasons unrelated to his termination, additional distress caused by unlawful discrimination is compensable under Mass.Gen.L. ch. 151B. *Id.*

Most importantly, and after *in camera* review of the records, this Court is compelled to conclude not only that the potential injury to Sabree's privacy interests overwhelmingly outweighs any benefits that would inure to the Union if disclosure was compelled, but also that said records are perspicuously irrelevant to the instant lawsuit. The records contain communications between Sabree and his psychotherapist relating to his private sexual problems. In this case, it is highly probable that had Sabree known the psychotherapist would be required to disclose his confidences, his trust in the psychotherapist would have been diminished and he may not have sought treatment at all. Thus, "in light of reason and experience," this Court finds that the state psychotherapist-privilege is applicable to the instant action. Fed.R. Evid. 501.

In addition, this Court finds that no exception to the psychotherapist-patient privilege applies in the instant action. Sabree has not placed his mental condition at issue. Sabree makes a "garden-variety"

claim of emotional distress, not a claim of psychic injury or psychiatric disorder resulting from the alleged discrimination. *Compare Miller v. Colonial Refrigerated Transportation, Inc.*, 81 F.R.D. 741 (M.D. Pa.1979) (in an action to recover for alleged personal injuries including post traumatic neurosis, the court held that the patient-litigant exception to the psychotherapist-patient privilege was applicable and denied plaintiff's motion for a protective order).

Accordingly, this Court hereby denies the Union's motion.[4]

---

1978). However, that case is easily distinguished on its facts. In *Flora*, the court allowed discovery of the plaintiff's army medical file containing notes of an interview plaintiff had with a psychiatrist prior to the time defendant terminated plaintiff's employment. However, the *Flora* Court explicitly held that such information was relevant, in the context of discovery, where plaintiff's ability to perform and

his fitness for duty was in dispute. In the case *sub judice*, no issue of plaintiff's ability to perform as a carpenter is raised.

4. At the request of the plaintiff, the copies of the records submitted to this Court shall be destroyed.