USCA1 Opinion

 

 March 27, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1850 SHARON E. RANKIN, Plaintiff, Appellant, v. LIBERTY MUTUAL INSURANCE COMPANY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Sharon E. Rankin on brief pro se. ________________ Joan Ackerstein, Jackson, Lewis, Schnitzler & Krupman and Janet _______________ _____________________________________ _____ K. Adachi on brief for appellee. _________ ____________________ ____________________ Per Curiam. Plaintiff-appellant Sharon E. Rankin, __________ pro se, challenges the district court's judgment dismissing ___ __ her complaint with prejudice as a sanction for her failure to comply with discovery orders. The complaint alleged racial discrimination, nepotism, and workplace harassment in violation of Title VII, as well as pendent state law claims for intentional infliction of emotional distress and defamation. The district judge dismissed the case upon motion by the defendant because over a two year period plaintiff had repeatedly ignored discovery deadlines without "justifiable excuse," and "steadfastly refused to comply with discovery orders even though she was given several warnings from the court and the magistrate judge that [further] failure[s] could lead to dismissal." Order at 9. The court found that plaintiff's actions had "unnecessarily wasted the resources of the defendant and the court" and impeded attempts to move toward a resolution of the case on the merits. Id. ___ On appeal, plaintiff challenges the propriety of the court's discovery orders compelling the deposition testimony of her treating psychiatrist, Dr. Gaticales, and production of related medical records. She resisted the orders below on the ground that the doctor's knowledge and records were protected from disclosure by New Hampshire's psychotherapist-patient privilege. The magistrate determined that while the federal court would recognize the privilege in this case,1 on balance the defendant's need for the discovery of relevant matters outweighed plaintiff's interest in confidentiality. See Hampers, 651 F.2d at 19 (holding ___ _______ that court should weigh any injury from disclosure against the benefit to be gained for the "correct disposal of litigation" when deciding on applicability of a state-created privilege in a federal question case). The district court several times affirmed the magistrate's decision. The balance struck by the court was well within its discretion to resolve conflicts over the permissible scope of discovery. See In re San Juan Dupont Plaza Hotel Fire ___ ___________________________________________ Litig., 859 F.2d 1007, 1019 (1st Cir. 1988) (holding that a ______ trial court has broad discretion in managing discovery to balance conflicting interests in discovery of confidential information). Plaintiff's complaint made her emotional condition a central issue in the case. She alleged that defendant's discrimination and intentional torts had caused  ____________________ 1. No issue has been raised in this appeal regarding the magistrate's preliminary determinations, (1) that federal common law governs the assertion of the privilege with respect to both the federal and pendent state claims, and (2) that the factors listed in In re Hampers, 651 F.2d 19, 22-23 _____________ (1st Cir. 1981), favor recognition of the state-created privilege in this case. In light of our disposition we need not address these preliminary matters. See United States v. ___ _____________ Butt, 955 F.2d 77, 80 n.3 (1st Cir. 1992) (leaving open the ____ question whether the federal rules recognize a psychotherapist-patient privilege); United States v. Barrett, _____________ _______ 766 F. 2d 609, 616 (1st Cir.) (same), cert. denied, 474 U.S. ____________ 923 (1985). -3- her permanent psychological injury which had disabled her from all employment since May 9, 1990, rendered her unable to seek work, and required her to submit to continuing psychiatric care. She sought compensatory damages for her alleged emotional disability in addition to punitive damages, front pay, back pay and employment benefits. To mount a defense, obviously defendant needed discovery from Dr. Gaticales who, as plaintiff's treating psychiatrist throughout the period of alleged disability, had unique firsthand knowledge and opinions about the plaintiff's condition. Cf. Nelson v. Lewis, 534 A.2d 720, 722 (N.H. ___ ______ _____ 1987) (explaining that a state plaintiff waives her physician-patient privilege as to formal discovery of her medical condition when she places the condition at issue in a malpractice case).2 Plaintiff shifts ground on appeal, however, and now urges that the defendant had no right to depose Dr. Gaticales  ____________________ 2. Moreover, plaintiff specifically signalled her intention to waive whatever remaining privilege she had by designating Dr. Gaticales as a potential expert trial witness. See 8 Charles A. Wright et al., Federal Practice & ___ __________________ Procedure: Civil 2d 2016.2 (1994) (reporting that the _____________________ majority of courts permit discovery of privileged matter when it is contemplated that the privilege will be waived at trial). The designation did not, as plaintiff seemingly contends, insulate the doctor's firsthand knowledge of the facts from discovery under the "work product doctrine," nor cloak it with other protections which apply solely to expert opinions developed in anticipation of litigation. See 8 ___ Wright et al. 2033 (citing Fed. R. Civ. P. 26(b)(4) advisory committee's note). -4- because the Supreme Court has held that a plaintiff may sustain a Title VII harassment claim without proof of concrete psychological harm. See Harris v. Forklift Sys., ___ ______ _____________ 114 S. Ct. 367, 371 (1993) ("So long as the environment would reasonably be perceived, and is perceived, as hostile or abusive . . . there is no need for it also to be psychologically injurious."). She also argues that direct proof of psychological harm is not needed to support her state tort claims. Whatever the cogency of these arguments in another case,3 here they are beside the point. Plaintiff never asked the district court for an opportunity to withdraw or replead her claim. Throughout the drawn-out discovery battle  ____________________ 3. In discrimination cases where the complaint merely includes an allegation of emotional distress there is disagreement whether the plaintiff's mental condition is thereby placed "in controversy" for discovery purposes. See ___ Ziemann v. Burlington County Bridge Comm'n, 155 F.R.D. 497, _______ _______________________________ 500 (D.N.J. 1994) (observing disagreement among district courts, but finding "no substantial dispute" that plaintiff's mental condition was in controversy where she alleged a 60% psychiatric disability.); Bridges v. Eastman Kodak Co., 850 _______ __________________ F. Supp. 216, 221 (S.D.N.Y. 1994) (finding no "hard and fast" rule to explain district courts' differing results, but observing that most cases allow discovery where the plaintiff pleads an ongoing mental injury or a separate tort claim for emotional distress). In this case, however, plaintiff alleged both a separate tort claim for emotional distress, and a continuing psychiatric disability, so there is no question that she had placed her mental condition in controversy. Cf. Sabree v. ___ ______ United Bhd. of Carpenters & Joiners, 126 F.R.D. 422, 425 (D. ____________________________________ Mass. 1989) (denying a motion to compel production of psychotherapist's records where plaintiff alleged only "garden variety" emotional distress). -5- below, she presented her alleged psychological disability as a pivotal part of her case. She repeatedly emphasized the defendant's alleged responsibility for her emotional suffering, and her need for continuing psychiatric care, even as she opposed defendant's requests for discovery from Dr. Gaticales and disobeyed the court's orders. Plaintiff's attempt in this court to recast her pleading as a "garden variety" claim of emotional distress comes too late. See Powers v. Boston Cooper Corp., 926 F.2d ___ ______ ____________________ 109, 111 (1st Cir. 1991) (holding that this court will not entertain theories omitted from the pleadings and not otherwise seasonably advanced in the district court). A party will not be permitted to undermine the district court's management of the discovery process by shifting theories of recovery on appeal. We also see no merit to plaintiff's contention that the district court chose the wrong sanction. The district judge has considerable discretion to determine the appropriate sanction for a party's deliberate noncompliance with the court's discovery orders. Barreto v. Citibank, _______ _________ N.A., 907 F.2d 15, 17 (1st Cir. 1990); see also National ____ _________ ________ Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 _____________ ________________________ (1976). Plaintiff's assertions to the effect that the court misconstrued her recalcitrance, unfairly blamed her for delays attributable to others, and misinterpreted its own -6- orders, are belied by the record. The court explained its reason for imposing the sanction of dismissal in a comprehensive order that is well supported by the record. There was no abuse. Lastly, we perceive no support in the record for plaintiff's contention that the district court abused its discretion by denying her motions to dismiss the opposing counsel from the case. See In re Bushkin Assoc., Inc., 864 ___ ___________________________ F.2d 241, 246 (1st Cir. 1989) (the district court is necessarily accorded wide latitude in determining disqualification motions). After careful consideration, we find plaintiff's remaining arguments legally frivolous. Affirmed. ________ -7-