Carol DELUCA, et al.

v.

GATEWAYS INN, INC., et al.

Civil Action No. 94–30079–MAP.

United States District Court,
D. Massachusetts.

May 14, 1996.

John C. Sikorski, Patricia M. Rapinchuk, Robinson, Donovan, Madden & Barry, Springfield, MA, for Carol Deluca, Valerie Bosma.

Ralph Cianflone, Jr., Cianflone & Cianflone, P.C., Pittsfield, MA, for Gateways Inn, Inc., Vito Perulli.

Patrick Perulli, Deer Park, NY, pro se.

Gene Zucker, Lenox, MA, pro se.

David G. Cohen, Egan, Flanagan & Egan, Springfield, MA, John G. Bagley, Egan, Flanagan & Cohen, PC, Springfield, MA, for Mass West Insurance Company, Inc.

Benjamin Smith, Cain, Hibbard, Myers & Cook, Pittsfield, MA, for Patrick Perulli.

## MEMORANDUM REGARDING DEFENDANT VITO PERULLI'S MOTION FOR RECONSIDERATION

(Docket No. 80)

PONSOR, District Judge.

Trial in this sexual harassment case is scheduled to commence on June 10, 1996. On April 29, 1996, counsel for the defendant Gateways Inn, Inc. ("Gateways"), Vito Perulli and Patrick Perulli noticed the deposition of Dr. Laura Ebling, a clinical psychologist who treated the plaintiff briefly some weeks following her departure from employment at Gateways. The deposition was apparently rescheduled for May 14, 1996.

On May 10, 1996, the plaintiff filed a Motion for Protective Order, requesting that the court either prohibit the deposition entirely or set certain limitations on who could be present at the deposition and on the dissemination of documents and testimony received.

In support of the Motion for Protective Order the plaintiff emphasized the following facts. First, plaintiff was terminated in August of 1993 and did not begin seeing Dr. Ebling until October of 1993. She saw Dr. Ebling on only five occasions, through November 30, 1993. Plaintiff does not intend to call Dr. Ebling as a witness at the trial, though she has disclosed Dr. Ebling's name, as required under the rules governing auto-

matic discovery, as a person possessing knowledge of facts relevant to the case.

Dr. Ebling submitted an affidavit in support of the Motion for Protective Order, offering her opinion that the plaintiff "suffered great psychological harm as a result of the sexual harassment and other harassment that she underwent at the Gateways." Exhibit B to Plaintiff's Motion for Protective Order. Moreover, she has submitted a complete copy of her records of treatment of the plaintiff, which the court has had an opportunity to review *in camera*. These records contain highly sensitive material about plaintiff's childhood and early adult life.

The affidavit and records confirm that the bulk of Dr. Ebling's evidence would be damaging to the defendants. Given that plaintiff nevertheless has determined not to call Dr. Ebling, the court at first had difficulty discerning any bona fide reason for the defendants' insistence on taking this deposition, other than to distress the plaintiff by invading the sensitive areas of her relationship with Dr. Ebling.

The First Circuit has so far declined to decide the question of a federal common law psychotherapist-patient privilege under Fed. R.Evid. 501. *U.S. v. Butt*, 955 F.2d 77, 80 n. 3 (1st Cir.1992), citing *U.S. v. Barrett*, 766 F.2d 609, 616 (1st Cir.1985). However, the privilege has been recognized in other circuits and in at least one decision in this district. *See, In re Zuniga*, 714 F.2d 632 (6th Cir.1983), *cert. denied*, 464 U.S. 983, 104 S.Ct. 426, 78 L.Ed.2d 361 (1983); *Sabree v. United Brotherhood of Carpenters and Joiners*, 126 F.R.D. 422, 425 (D.Mass.1989).

While, as *Sabree* suggests, strong policy considerations support the recognition of at least some form of psychotherapist-patient privilege, it was not necessary for this court to resolve the issue here to rule on the plaintiff's motion.

■ Under Rule 26(b)(2), the court possesses the power to limit discovery if the burden of the proposed discovery outweighs its likely benefit, taking into account the importance of the proposed discovery in resolving the issues in the case. Here, exercising its power to shape and limit discovery

appropriately, the court concluded that the Motion for Protective Order should be allowed to the extent that the deposition should proceed with limitations. The deposition might provide the defendants with information to demonstrate that the plaintiff's damages could be attributed to causes other than the alleged harassment suffered by her from the defendants. The court permitted the deposition to go forward, but with the understanding that it would be, for the time being, for counsel's eyes only (including necessarily the eyes of the one defendant who is proceeding *pro se* ) and with the further condition that the documents produced and deposition transcript would not be copied, disseminated to anyone or used for any purpose other than this action.

■ Defendant's counsel has now moved for reconsideration of this Protective Order, arguing that his client, Vito Perulli, should be permitted personally to attend the deposition of Dr. Ebling, or in the alternative, enjoy access to any information garnered from the deposition. Perulli's inability to attend the deposition or obtain access to Dr. Ebling's evidence, according to counsel, violates his "rights to an appropriate defense in this matter."

It is inconceivable that the presence of Vito Perulli personally at the deposition of a psychotherapist whom plaintiff met with five times in 1993, and whom plaintiff does not intend to call at trial, would in any way be necessary to Vito Perulli's right to make out his defense. Moreover, permitting him to be present at the deposition creates, at a minimum, the potential needlessly to invade this sensitive relationship and, whether deliberately or not, to embarrass and intimidate the plaintiff. To the extent, following the deposition, that defendant's counsel feels it is necessary to convey part or all of the contents of the documents produced or Dr. Ebling's testimony to Vito Perulli, or to present any of this evidence at trial, defendant's counsel may make an offer of proof in writing no later than June 3, 1996, specifying exactly what evidence, in his opinion, must be communicated to his client and why. The offer of proof will be filed under seal and plaintiff will have an opportunity to reply on or before

June 7, 1996. The offer of proof shall indicate whether defendant has decided to call Dr. Ebling as a witness at trial or, if defendant intends to offer the records as exhibits without calling Dr. Ebling, how defendant proposes to put these records into evidence.

Based upon the foregoing, in exercise of the court's power under Fed.R.Civ.P. 26(b)(2), the Motion for Reconsideration is hereby DENIED.