Hillman, J.
BACKGROUND
The plaintiff seeks monetary damages for a closed head injury she alleges she sustained from an automobile accident she was in on December 31,1994. She claims she suffered physical injuries, diminished mental capacity, headaches, and a learning deficit. Additionally she received counselling at U. Mass Medical Center from a psychiatrist and psychotherapist prior to the accident. It is these records that the defendant seeks in order to determine if the claimed injuries were preexisting.
DISCUSSION
M.G.L.c. 233, §20B provides in relevant part:
Except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto ... a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient’s mental or emotional condition. The privilege granted hereunder shall not apply to any of the following communications: . . . (c) In any proceeding, except one involving child custody, adoption consent, in which the patient introduces his mental or emotional condition as an element of his claim or defense, and the judge . . . finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.
Where, as here, psychological or psychiatric records are sought as part of discovery and a plaintiff asserts the patient-psychotherapist privilege, c. 233, §20B, the Supreme Judicial Court has devised, in Commonwealth v. Bishop, 416 Mass. 169, 181-83 (1993), a five-step procedure to determine which records, if any should be produced.[1] The trial court must first determine if the records sought are potentially privileged, and if so, decide whether the records sought are likely to be relevant. If the records are determined to be both privileged and potentially relevant, the trial court must then examine the records in camera to determine which records, if any, are actually relevant (Bishop at 182) and identify any irrelevant materials.[2] Id. The documents determined to be actually relevant are to be produced for inspection by the defendant’s counsel at the Court House, subject to a protective order in conformity with the appendix to the Bishop decision.
Conclusion
Upon consideration of the defendants’ motion for production of records pertaining to plaintiffs’ psychiatric condition or treatment, this Court finds that such records are privileged pursuant to G.L.c. 233, §20B. Additionally, because the plaintiffs have placed their mental and emotional state in issue, the records sought are likely to be relevant.[3]
ORDER
It is hereby ORDERED that the plaintiffs and Emerson Hospital shall produce, within thirty days, to the Clerk of the Court, a complete and unredacted copy of all records in their possession, custody or control pertaining to the plaintiffs’ past, present or future psychiatric or psychological condition or treatment. Such records shall, when delivered to the Superior Court Clerk’s Office, remain there under seal pending the conclusion of the above-entitled matter, subject to the following terms and conditions:
1. The records shall initially be reviewed by the Court in camera, out of the presence of all other persons, for the purpose of determining whether the records, or any portion thereof, are actually relevant. All records found to be irrelevant shall be so identified, set aside, and sealed, and in the event of an appeal, shall be transmitted by the Clerk to the reviewing court.
2. Counsel for the defendants shall have access to those records found by the Court to be relevant solely in his or her capacity as an officer of the Court.[4] Counsel for the defendant shall not disclose or disseminate any portion of the relevant records to anyone, including the defendants, without prior application to and an order of the Court.
3. The relevant records shall be made available to counsel for the defendants for review in the Court House during regular business hours under arrangements to be made with the Clerk. Counsel for the defendants may read and make notes concerning the records, but no portion of the records shall be photocopied or reproduced without prior application to and an order of the Court.
4. Should counsel for the defendants seek to disclose, disseminate, or reproduce any portion of the *620 relevant records, counsel shall by motion request permission and an order from the Court. Counsel shall immediately notify all third parties referred to in those records who may be affected by disclosure. If any such third-party data subject wishes to object to disclosure, he or she shall file a written statement of objections to the motion which requests permission to disclose. Failure to file such a statement shall constitute a waiver of any such objections.
5. Counsel for the defendants shall not offer any portion of the records, or the contents thereof, into evidence at trial or in connection with any other proceedings without prior application to and an order of the Court.
6. At the conclusion of any trial or other disposition of this action, counsel for the defendants shall deliver to the Clerk, under seal, all originals and all copies of any relevant records, produced to counsel for the defendants pursuant to this or any subsequent order of the Court.

 Bishop sets forth the procedures to be used in a criminal case when privileged records are sought. This Court sees no reason why the procedural safeguards should be any less in a civil case. A defendant’s need for protection of relevant records pertaining to a plaintiffs psychological condition is, if any, greater in a criminal case where the defendant’s freedom and reputation may be at stake, than in a civil case where money damages alone may be involved.

These are to be placed under seal in case they are needed pursuant to an appeal.

In determining whether the documents are likely to be relevant, the court is mindful of Sabree v. United Broth. of Carpenters & Joiners, 126 F.R.D. 422, 426 (D.Mass. 1989), wherein it was held the plaintiff had not placed his mental or emotional condition at issue simply by making a "garden-variety claim of emotional distress” rather than a claim of “psychic injury or psychiatric disorder.” Here, the plaintiffs have specifically alleged psychological injury which necessitated psychiatric treatment, and will presumably offer the testimony of a psychiatrist or psychologist at trial.

The term "relevant records” as used herein, means those records the release of which the court may find to be more important to the interests of justice than protection of the psychotherapist-patient relationship, as provided in pursuant to G.L.c. 233, §20B.