Hillman, J.
INTRODUCTION
Jody K. Myers, former employee of Tom Foolery’s, Inc. (Foolery’s), has brought suit against Foolery’s and Sean McCabe, who is also a former employee of Foolery’s and held the position of Myers’ supervisor. Myers has brought claims of sexual harassment and intentional infliction of emotional distress against Foolery’s and McCabe. Foolery’s has moved to compel the testimony of one Judith N. Stone, a licensed social worker with whom Myers had contact. For the reasons discussed below, Foolery’s motion is DENIED.
BACKGROUND
Myers worked for Foolery’s as a bartender from April 1995 to July 22, 1995. Sean McCabe worked for Foolery’s as an assistant manager and a supervisor. McCabe worked at Foolery’s during the period in which *593 Myers worked there. Myers alleges that McCabe, her supervisor, made disparaging references to her physical attributes, with demeaning sexual overtones in the presence of co-workers and customers. Specifically, Myers alleges that on several occasions between July 4, 1995 and July 22, 1995, McCabe accused Myers of being a lesbian because she did not respond to McCabe’s sexual advances.
The crux of Myers complaint arises out of McCabe’s alleged conduct on July 22, 1995. On this date, Myers alleges that McCabe, in the presence of co-workers and customers, told her that McCabe thought it was a shame that a woman as physically attractive as Myers was “so stupid.” On that same date, Myers alleges that while obtaining an order from Foolery’s restaurant kitchen, McCabe molded a cut shrimp into the shape of a woman’s vagina and thrust it toward’s Myer’s mouth and stated, “I know what you like. I am sure you are used to this. Bite into this. You know what you want. Put your tongue into this.”
Myers resigned from her employment after McCabe made these alleged statements and manifestations. While Myers was leaving Foolery’s office, she alleges that McCabe followed her into the public area of Foolery’s, where he shouted that it was such a waste that someone as beautiful as Myers could have such a beautiful body and face but be so f_ing stupid. Allegedly, McCabe made these statements in the presence of customers and co-workers. McCabe denies making any of these statements.
On February 17, 1999, Myers filed this action against Foolery’s and McCabe. Foolery’s deposed Myers on August 21, 1998. During her deposition, Myers admitted that she had received counseling at the end of 1996 or in early 1997, more than one and a half years after leaving Foolery’s. Myers testified that she received this counseling for reasons unrelated to her employment at Foolery’s.
Shortly thereafter, defense counsel for Foolery’s and McCabe sought to depose Judith Stone, the social worker who treated Myers. Stone asserted the Social Worker-Client privilege on behalf of Myers. Foolery’s now seeks to compel Stone to testify in a deposition concerning Myers and her diagnosis, treatment, and any conversations that may have occurred between Myers and Stone. Foolery’s claims that Myers waived her privilege against disclosure because she has made a claim for emotional distress damages. This Court, therefore, must determine whether Myers waived her privilege of confidentiality simply by asserting a claim for intentional infliction of emotional distress against the defendants.
DISCUSSION
General Laws c. 112, §135B prohibits a licensed professional social worker from disclosing any information acquired from persons consulting him or her in a professional capacity. Chapter 112, §135B provides in pertinent part:
Except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto, ... a client shall have the privilege of refusing to disclose and of preventing a witness from disclosing, any communication; wherever made, between said client and a social worker licensed pursuant to the provisions of [Chapter 112, §132] or a social worker employed in a state, county or municipal governmental agency, relative to the diagnosis or treatment of the client’s mental or emotional condition . . .
The privilege granted hereunder shall not apply to any of the following communications: (c) In any proceeding, except one involving child custody, adoption or adoption consent, in which the client introduces his mental or emotional condition as an element of his claim or defense, and the judge or presiding officer finds that it is more important to to the interests ofjustice that the communication be disclosed than that the relationship between the client and the social worker be protected.
Foolery’s argues that Myers has waived the social-worker-client privilege because she has asserted a claim for intentional infliction of emotional distress. This Court, however, disagrees with Foolery’s contention. In McCue v. Kraines, No. 907264E, 1 Mass. L. Rptr. 298 (Mass. Super. 1993), Judge Fremont-Smith of the Massachusetts Superior Court held that a defendant who seeks production of documents protected by the social-worker-client privilege must demonstrate that plaintiff is seeking recovery for something other than “garden-variety” claims of emotional distress, but is claiming damages for psychic injury or psychiatric disorder. See also Sabree v. United Broth. of Carpenters & Joiners, 126 F.R.D. 422, 426 (D. Mass. 1989) (party does not waive psychotherapist-patient privilege by asserting a garden variety claim of emotional distress, not a claim of psychic injury or psychiatric disorder arising from defendant’s alleged discrimination).
In the case at bar, Ms. Myers has not claimed “psychic injury or psychic disorder.” She has claimed emotional distress damages based upon the hostile work environment to which Foolery’s allegedly subjected her. Furthermore, Myers has not claimed that she sought psychiatric treatment because of the emotional distress she experienced while working for Foolery’s. Moreover, Myers has not, and claims that she will not attempt to introduce any evidence or testimony from Stone. By opposing this motion she is foreclosed from calling or referring to this witness absent other compelling circumstances.
This does not mean that Myers can’t later waive the privilege. See Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D. Mass. 1997) (stating that plaintiff waives privilege if plaintiff calls psychotherapist as *594 witness or if plaintiff testifies to substance of communication).
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion to compel the testimony of Judith Stone be DENIED.