Page, J.
This matter comes before the Court on the defendant, Donna Krauth’s motion to produce the psychiatric and counseling records of the plaintiff, Kenneth Sherman and his late wife, Karen Sherman. For the reasons set forth below, this motion is DENIED.
BACKGROUND
This is an action, alleging medical malpractice for failure to diagnose a pulmonary embolism. On April 6, 2001 Karen Sherman sought treatment from UMASS Community Physicians Group, complaining of flu symptoms, fatigue, breathlessness and facial pressure. She was diagnosed with sinusitis and it was recommended that she follow up with her primary care physician. On April 9, 2001 Ms. Sherman treated with the defendant, her primary care physician. Dr. Krauth diagnosed an upper respiratory infection and prescribed medication. As her symptoms failed to improve, Ms. Sherman returned to Dr. Krauth’s office on April 12, 2001. Dr. Krauth noted that Ms. Sherman had a history of depression and anxiety. Dr. Krauth suggested that Ms. Sherman could be hyperventilating and recommended that she undergo an EKG. It is alleged that Ms. Sherman acted erratically and “refused to cooperate,” “refused an EKG” and “refused further evaluation.” Ms. Sherman became visibly angry and left the doctor’s office. On April 18, 2001, Kenneth Sherman found his wife dead on their kitchen floor. An autopsy revealed that the cause of death was a pulmonary embolism.
The defendant claims that the plaintiffs interjected their mental state into the case by Ms. Sherman’s behavior exhibited during the last visit with Dr. Krauth along with Mr. Sherman’s admission during his deposition that he and his wife had seen a marriage counselor. Mr. Sherman testified that his wife had been receiving therapy for depression.
DISCUSSION
Psychiatric and social work records are privileged by statute. M.G.L.c. 112, Sec. 135B(c) and M.G.L.c. 233, Sec. 20B(c). The exception to non-access is if a patient “introduces his mental or emotional condition as an element of his claim or defense and the judge finds that it is more important to the interest of justice that the communications be disclosed . . .” M.G.L.c. 233, Sec. 20B(c). The defendant concedes that the records in question are privileged, yet claims that Mr. *261 Sherman introduced his mental state during his deposition testimony when he admitted to “mental suffering” as a result of his wife’s death. This argument misses the mark, since Mr. Sherman is only seeking to recover under a theoiy of wrongful death of his wife due to the alleged negligence of Dr. Krauth. There is no allegation that the plaintiff is seeking damages for mental pain and suffering as a result of his wife’s death. This is an example of the classic “garden variety” mental condition that has not been introduced as an element of any of the plaintiffs claims, and therefore access to these records must be precluded. See Sabree v. United Brotherhood of Carpenters & Joiners of America, Local No 33, 126 F.R.D. 422 (D.Mass. 1989); Higgins v. Reslow, 5 Mass. L. Rptr. No. 14, 316 (July 6, 1996).
The defendant next argues that she will be prejudiced by not having access to Ms. Sherman’s records. The defendant claims that Ms. Sherman’s mental condition is crucial to her defense, since Dr. Krauth claims that Ms. Sherman acted in an irrational manner during her last appointment with Dr. Krauth. It is further argued that her refusal to submit to the recommended EKG underscores her instability. However, the defendant does not and can not point to an instance where the plaintiffs have introduced Ms. Sherman’s mental condition as an element of this claim. See G.L.c. 233, §20B(c) (the psychotherapist-patient privilege does not apply to proceedings “in which the patient introduces his mental or emotional condition as an element of his claim or defense”). Rather, it is the defendant who seeks to introduce Ms. Sherman’s mental state by claiming that her behavior was irrational. Furthermore, the complaint alleges negligent treatment of Ms. Sherman on both April 9 and 12 and the April 9, 2000 records do not contain any notations regarding Ms. Sherman’s behavior during that visit. To have the court hold that the privilege which protects communications between psychotherapists and patients can be pierced as a result of the defendant’s mere assertion that the behavior of a party did not conform with certain standards would essentially erase the privilege, and it would lead to a result that is at odds with the narrowly-worded exception contained in G.L.c. 233, §20B(c).
This court finds that the interests of justice do not mandate that the communications between Ms. Sherman and her therapist be disclosed. This court further finds that the defendants have failed to satisfy this court that the interests of justice mandate disclosure of Mr. Sherman’s medical records.
ORDER
For the foregoing reasons, the motion for discoveiy of decedent’s and plaintiffs psychiatric and counseling records is DENIED