Moriartv, Cornelius J., j.
This is a civil action in which the plaintiff, Constance A. Reid, has filed an action to recover damages based on an employment dispute with her former employer. In her complaint the plaintiff alleges that the defendants’ action caused her stress and anxiety for which she received medical care.
Before the Court are the defendants’ application for: (1) a letter rogatory to Dr. Joseph Ciabattoni, the plaintiffs primary care physician; (2) the plaintiffs cross motion for a protective order; (3) the defendants’ cross motion to compel the plaintiff to (a) produce medical records as requested in defendants’ Request for Production of Documents Nos. ll[2]and 14[3] relating to the plaintiffs marital counseling and mental health treatment, (b) identify her medical providers from January 1, 2002, to the present, as requested in the defendants’ First Set of Interrogatories; and, (c) execute authorizations permitting the defendants to subpoena the providers and obtain the plaintiffs treatment records.
FACTUAL BACKGROUND
Of the plaintiffs original eleven-count complaint, four now remain, including counts for breach of implied contract, breach of contract, violation of the Healthcare Provider Whistle-blower Act, and defamation. In her complaint, she alleges (par. 62) damages for stress and anxiety caused by the defendants’ actions and, in her opposition, concedes that she seeks recovery for reputational harm, humiliation, and resulting emotional distress.
In response to the defendants’ Interrogatory No. 5, Reid described the harm she suffered to include, inter alia, “distress, anger, anguish, and the physical symptoms of emotional distress that I endured and continue to suffer as a result of the Defendants’ conduct.” She estimated her emotional distress damages as having a value of eighty-one thousand, nine hundred seventy-five dollars ($81,975).
In response to Interrogatory No. 6, Reid acknowledged treatment with Dr. Ciabattoni on one occasion, April 15, 2006, for physical symptoms of emotional distress. In addition the defendants received a portion of Dr. Ciabattoni’s treatment records which indicated Reid was undergoing marital counseling with her husband at or about the time she lost her job. However, other than her one visit to Dr. Ciabattoni, Reid does not allege any further medical treatment.
The defendants maintain that by claiming that she is suffering from emotional distress, Reid has introduced her mental or emotional condition as an element of her claim; thus warranting a finding by this Court, pursuant to G.L.c. 233, §20B(c), that it is more important to the interests of justice that privileged communications be disclosed rather than that certain communications be kept confidential. The defendants allege that they need this discovery so that they can evaluate and defend against her claim for substantial emotional distress damages and determine whether such damages were caused in whole or in part by the defendants’ conduct.
*476 DISCUSSION
The defendants requests are addressed in turn.
1. The Application for Issuance of Letters Rogatory.
The defendants seek the issuance of a letter Roga-tory to the Providence County Superior Court in the State of Rhode Island requesting that a deposition subpoena duces tecum issue in the name of Joseph Ciabattoni, M.D., the plaintiffs primary care physician. Schedule A to the subpoena duces tecum requests that Dr. Ciabattoni bring with him “Any and all records of any kind or nature from January 1, 2002 to the present time concerning (the plaintiff).”
Reid opposes the defendants’ motion for the issuance of a letter rogatory on grounds that it is burdensome, intrusive and costly and seeks a protective order that such discovery not be had.
In response to discovery requests, Reid disclosed that she sought treatment from Dr. Ciabattoni for symptoms related to emotional distress following the loss of her job, which, allegedly, she continues to experience. She treated with Dr. Ciabattoni on one occasion and was prescribed medication for her symptoms. Reid has indicated that she seeks compensation for his medical bill. There is no indication, as to whether she intends to call him as an expert witness. Other than symptoms for emotional distress Reid alleges no other medical condition or treatment caused by the defendants’ conduct.
Under the circumstances and in view of the present posture of discovery I find that the defendants are entitled to depose Dr. Ciabattoni but that the subpoena duces tecum directed to him is overly broad. Therefore, the subpoena must be limited to his treatment records of the plaintiff for the time period requested and not any and all medical records “of any kind or nature” in his possession. Accordingly the defendants’ Motion for the Issuance of Letters Roga-tory is ALLOWED in part and limited in the manner so described.
2. The Motion to Compel the Production of the Plaintiffs Medical and Counseling Records.
The defendants seek that the plaintiff be ordered to identify her medical, marital counseling and mental health providers from January 1, 2002 to the present; produce the records pertaining to each and execute authorizations permitting the defendants to subpoena these providers and obtain the records. The requests are addressed individually.
A. The Medical Records
As a result of the defendants’ actions, Reid alleges that she visited her primary care physician on a single occasion over a period of four years for treatment for symptoms related to emotional distress. She alleges no ongoing or permanent medical injury or exacerbation of a prior medical condition. In response, the defendants seek all of her medical records for the last eight years. Such an intrusion is unwarranted and accordingly the defendants’ motion that the plaintiff be compelled to identify her medical providers from January 1, 2002 onward, produce such medical records and execute medical authorizations for their release is DENIED.
B. The Mental Health/Marital Counseling Records
Confusion has developed concerning whether Reid was undergoing marital counseling at the time of the loss of her job. An entry in Dr. Ciabattoni’s records, previously produced, suggests that she did. In addition, Reid testified at her deposition that both she and her husband had seen a marriage counselor. She has submitted an affidavit to this Court indicating that she was mistaken in her testimony and now claims she merely accompanied her husband to marriage counseling between March and May 2004. She alleges the counseling sessions were for her husband, not for her, and otherwise she has no psychological, behavioral or psychotherapy records to produce for the relevant time period. The defendants are not, of course, required to accept Reid’s claims of mistake and the Court will, for the purposes of this motion, assume that Reid and her husband did undergo marital counseling.
Although the defendants concede that the records sought are privileged under G.L.c. 233, §20B, they maintain that Reid has introduced her mental and emotional condition as an element of her claim and has therefore waived the privilege pursuant to §20B(c).
The privilege provided by G.L.c. 233, §20B protects communications such as “conversations, correspondence, actions and occurrences related to diagnosis or treatment before, during, and after institutionalization.” G.L.c. 233, §20B. The court finds that records of Reid’s treatment are privileged under G.L.c. 233, §20B.
To determine whether her records should be released pursuant to G.L.c. 233, §20B, the court must determine whether Reid has made her mental or emotional condition an element of his claims, and whether the interests of justice in disclosure outweigh the right to confidentiality.
In the determination of whether Reid has made her mental or emotional condition an element of her claim the Court must consider whether the moving party has established the other party’s physical or mental condition is “in controversy.” Sabree v. United Bhd. of Carpenters & Joiners of Am., Local No. 33, 126 F.R.D. 422, 426 (D.Mass. 1989). “Garden variety emotional distress,” does not satisfy the “in controversy” requirement. Sabree, 126 F.R.D. at 426. However, the requirement is met where a plaintiff claims an ongoing specific mental or psychiatric injury or disorder. Jacob v. Vachon, Civil No. 961506, at*l (Mass.Super.Ct. Jan. 28, 2000) (Hamlin, J.) (11 Mass. L. Rptr. 307).
Here Reid arguably placed her mental condition directly in controversy by stating in her answers to *477 interrogatories, that she suffered emotional distress for a prolonged period of time, i.e., August 15, 2006— February 2010. Thus, this Court finds the “in controversy” requirement has been met. Having determined that Reid has made her emotional condition an element of her claim, the Court must determine whether “it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.” G.L.c. 233, §20B(c). Here the defendants seek to discover Reid’s marital counseling records. As stated above the issue of whether the marital counseling records pertain to both Reid and her husband or her husband alone is not clear upon the record. However it is clear that the counseling records pertain at least to her husband. He is not a party to this action, has not waived his privilege and has a legitimate interest in preserving their confidentiality. Under the circumstances, I do not find that the interests of justice outweigh the confidentiality of the marital counseling records and accordingly the defendants’ Motion to Compel the Production of the Plaintiffs Counseling Records is DENIED.

 Request No. 11 seeks: “Any and all documents concerning medical reports, medical treatment, letters from health care providers, and statements from health care providers including, but not limited to, the plaintiffs full and complete medical records that concern emotional distress allegedly caused by the defendants’ conduct.”

 Request No. 14 seeks: “All documents concern care you sought or received in connection with any medical, psychological or other health related complaint or condition since January 1, 2002, including medical bills, psychiatric bills, records, note, laboratory slips, insurance forms, and any other information pertaining to your care, complaint or condition including, but not limited to, information that is contained in any of your health care providers’ files.”