Ricciardone, David, J.
The defendants’ attorney was questioning the plaintiff at a deposition when she began to inquire as to the reasons for “counseling” within the last few years (but before the cause of action arose here). The plaintiffs counsel objected and instructed his client not to answer. The defendants’ attorney then suspended the deposition, declining the opposing counsel’s request that the deposition continue on with testimony as to other areas.
The issues raised have been addressed preliminarily by Judge Lu’s order of May 25, 2010 in which he found that the plaintiffs claim of intentional infliction of emotional distress pleads emotional damage that is only “minimally more” than a “garden variety” claim of emotional distress. See, Sabree v. United Brotherhood of Carpenters & Joiners, 126 F.R.D. 422, 426 (D.Mass. 1989). Judge Lu also ruled that the psychotherapist privilege protects any communications between the plaintiff and relevant providers “since she does not intend to call her psychotherapist as a witness or to testify herself” as to the communications.
Nevertheless, the psychotherapist privilege under M.G.L.c. 233, §20B does not prohibit all inquiry into such treatment. For example, the patient must dis *184 close information from which it may be determined whether the therapist qualifies as a “psychotherapist” under the statute. Commonwealth v. Oliveira, 438 Mass. 325, 330 (2002). Also, the privilege is not waived by patient disclosure of the identity of the psychotherapist or dates and costs of treatment, or by revealing the general description of the substance of communications. Sorenson v. H&R Block, Inc., 197 F.R.D. 199, 205 (D.Mass. 2000). Moreover, portions of records that are not privileged must be disclosed, such as a diagnosis. Adoption of Saul, 60 Mass.App.Ct. 546, 553 (2004) (“. . . where [a] diagnostic term does not reveal or convey the content of privileged communication, it is not protected . . .”).
Accordingly, at least the general and preliminary inquiries put to the plaintiff by the defendants’ counsel were permissible. The questions did not require disclosure of privileged communications. Also, the plaintiff does claim “depression” as a result of the defendants’ alleged misconduct and admits to some counseling within three years of this lawsuit, a fact that may go to causation. Therefore, I conclude that the plaintiffs objection was at least, premature.
On the other hand, I agree with the plaintiff that the deposition could have continued on to address the other areas of liability, causation and damages that could have been covered once this issue was preserved.
ORDER
Based on these findings and conclusions, I issue the following order with regard to this discovery dispute:
1) The plaintiffs deposition must be rescheduled and she is required to appear, i.e., the plaintiffs motion for a protective order is denied; the parties must confer beforehand as to a mutually convenient date and time for the continuation of the deposition:
2) The plaintiff must disclose the identity of any provider whose treatment is said to come under the asserted privilege, as well as the provider’s qualifications to determine if he/she is a “psychotherapist”:
3) The plaintiff must disclose the general reasons for the “counseling” undergone within the last three years, with specific dates thereof, but if the provider is a “psychotherapist,” the plaintiff shall not be made to testify as to actual communications with him/her;
4) The plaintiff must disclose in a writing to the defendants, no later than one week before the rescheduled date of the deposition, whether she intends to call any psychotherapist as a witness or otherwise intends to testify as to communications with a psychotherapist;
5) In the same writing, the plaintiff must compile a privilege log pursuant to Rule 26(b)(5) in which she specifically identifies any document in which in whole or part she asserts a privilege under M.G.L.c. 233,§20B;
6) The defendants may not seek to discover or offer any such privileged records without further order of the court based on a showing, required by M.G.L.c. 233, §20B(c), that the interests of justice require disclosure more than protection of the patient/ psychotherapist relationship;
7) Since both parties have had some basis for their actions here, which were undertaken without the specific confines of this order, I decline to assess costs or impose sanctions, and the defendants’ motion for same is also denied;
8) The parties are reminded of the need to comply in all respects with Superior Court Rule 9C regarding this or other discovery disputes.