Brassard, J.
BACKGROUND
Plaintiff Diantha Guimares filed a complaint against defendant Edmund Del Prete alleging sexual harassment, intentional infliction of emotional distress, and assault and battery. Plaintiff alleges that these torts occurred during her employment as an administrative assistant at Del Manor Nursing Home and North River Nursing Home, where defendant was president, administrator, and director. Plaintiff claims to have suffered irreparable mental and emotional damages directly caused by defendant’s alleged misconduct.
Defendants seek to compel production of medical records from plaintiffs treating physician, gynecologist, cardiologist, psychologist, and licensed social worker; and to depose them as well. Plaintiff refused to consent to the release of any records that do not relate to the alleged sexual harassment from March to May of 1994 and claims that the requests are over-broad.
For the reasons set forth below, defendants’ motion to compel is ALLOWED in part.
DISCUSSION
In a criminal case, Commonwealth v. Bishop, 416 Mass. 169 (1993), requires elaborate procedures for production of privileged records pertaining to the complaining witness. This is the case even though the defendant’s freedom and reputation are at stake. In a civil action, where money damages alone are typically involved, it is logical to suppose that these same procedures may be required. George Kippenhan v. Chaulk Services, Inc., 2 Mass. L. Rptr. No. 7, 121, 122 n.1 (June 20, 1994). But see Herridge v. Board of Registration in Medicine, 420 Mass. 154, 156-57 (1995).
On the other hand, criminal trials may be distinguished from civil cases because the Commonwealth initiates a criminal prosecution. The victim in a crim *181 inal case is simply a witness whose mental health is not directly at issue. In a civil case like this, however, the plaintiffs mental and physical health is a critical issue placed in issue by the plaintiff herself, and medical records may reveal mental and emotional distress caused by prior, unrelated events. General Laws c. 233, §20B(c) provides a waiver of the psychotherapist/patient privilege where the patient introduces her mental or emotional condition as an element of her claim or defense and the judge finds that it is more important to the interests of justice that the communication be disclosed than that the relationship be protected. G.L.c. 233, §20B(c) (199 ed.}.[2] Further, the Court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden, including that the discovery may only be made under specified terms and conditions. Mass.R.Civ.P. 26(c); 37(a)(2).
In determining the correct balance to strike in a civil case, the Court is mindful that, “[t]he danger lurking in the practice of ... in camera review [of privileged documents] by the trial judge is a confusion between the roles of trial judge and defense counsel. The judge is not necessarily in the best position to know what is necessary to the defense.” Commonwealth v. Stockhammer, 409 Mass. 867, 882 (1991), quoting Commonwealth v. Clancy, 402 Mass. 664, 670 (1988). This admonition applies with equal force in civil litigation.
In the present case, this Court orders release of the medical records to defense counsel in accordance with the attached order. See Ricki Misitano v. Abdul Ghaffar. M.D., 1 Mass. L. Rptr. No. 20, 405 (February 7, 1994).
ORDER
1) As to any records to which no privilege may reasonably be raised, those records shall be furnished to defendants’ counsel at its offices.
2) As to any records to which a claim of privilege may reasonably be made, including but not limited to those to which G.L.c. 112, §129A, G.L.c. 112, §135A, G.L.c. 112, §135B, or G.L.c. 233, §20B apply, defendants’ counsel shall have access to such records solely in his or her capacity as an officer of the court. Counsel shall not disclose or disseminate the contents of such records relative to the diagnosis and treatment of Guimares’ mental or emotional condition, to anyone, including the defendants, without prior application to and an order of the court.
3) Such records shall be made available to counsel in the courthouse at the Brockton Superior Court, sitting in Plymouth County, during regular business hours under arrangements to be made by the clerk. Counsel may read and make notes concerning such records, but no portion of such records shall be photocopied or reproduced without prior application to and order of the court.
4) Counsel for the defendant shall not offer or adduce any portion of such treatment records in evidence at trial or in connection with any other motion or proceeding including a deposition in this action without prior application to and an order of the court. At a minimum, counsel for the defendant shall be required to show, in an in camera submission, that the information to be offered or adduced in connection with any trial, motion, or other proceeding is relevant, admissible, and not available from other sources. The court may then conduct an in camera hearing concerning the relevance and admissibility of any information in such records that counsel for the defendant may seek to use at trial or in connection with any motion or other proceeding.
5) At the conclusion of any trial or other disposition of this action, counsel shall deliver to the clerk, under seal, all originals and all copies of such records produced to counsel for defendants pursuant to this or any subsequent order of the court.

Parallel legislation provides for the judge to order disclosure of the social worker/client privilege for the same reasons. G.L.c. 112, §135A; G.L.c. 112, §135B (c).