Houston, J.
This action arises out of claims for invasion of privacy, infliction of emotional distress and violation of M.G.L.c. 93A brought by plaintiffs Jeanne Higgins and Jeffrey Higgins (Higgins) against Gunnar Reslow, Jason Sotka, Electronic Vision International, Inc., Fleet Bank, N.A. and Shawmut Bank, N.A. trustees (EVI). Higgins claims that EVI, under false pretenses and by impersonating Jeffrey Higgins, obtained copies of their private residential and business telephone records.
On September 8, 1993, Jean Higgins resigned from Bizi, Inc. and Electronic Visions International, Inc. where she was employed as a sales representative of used computer equipment.[3] Thereafter, EVI retained private investigative services in order to determine whether or not she was contacting EVI’s customers in connection with her new employment with a competing company, MJM Technology International, Inc. (MJM Technology). Both Jean and Jeffrey Higgins claim that their privacy was invaded when, as reported by the telephone company, an individual identified as “Jeff’ called and requested that the telephone bills and other information be sent to a Westlake, Ohio, post office box.
Jean and Jeffrey Higgins claim that as a result of EVI’s invasion of their privacy, they suffered emotional distress. As part of that claim, Jean Higgins states that she required the services of a psychotherapist for treatment for emotional distress. In its request for production of documents, EVI seeks all records of psychologically therapeutic treatment or services for Higgins between 1985 and 1995. Jean Higgins has agreed to produce all of the requested mental health records including billing information, with the exception of redacted material relating to a traumatic child *316 hood incident which she requests to remain confidential. EVI brings this motion to compel to prevent any redaction upon the production of the treatment records.
In addition, EVI seeks to compel the production of documents concerning the formation of, and Higgins’ business dealings with MJM Technology, as well as a list of documents which Higgins intends to use at trial. For the reasons set forth below, EVTs motions are DENIED.
DISCUSSION
Jean Higgins has agreed to produce the relevant mental health documents redacted only with respect to notations about a traumatic incident which occurred in her childhood. She objects to providing unredacted and complete mental health records pursuant to M.G.L.c. 233, §20B which protects from disclosure all communications between a therapist and patient regarding the patient’s mental or emotional condition.[4] If a party introduces her mental or emotional condition as an element of her claim or defense, however, it is within the discretion of the court to determine whether or not the interests of justice outweigh the patient therapist privilege.[5] In civil as in criminal cases,[6] a five-step procedure is required to determine which records, if any, should be produced. Kippenhan v. Chaulk Services, Inc., 1994 WL 879628, 2 Mass. L. Rptr. 121, citing Commonwealth v. Bishop, 416 Mass. 169, 181-83 (1993); see also Boremi v. Lechmere. Inc., 1993 WL 818581. “The trial court must first determine if the records sought are potentially privileged, and, if so, decide whether the records sought are likely to be relevant. If the records are determined to be both privileged and potentially relevant, the trial court must then examine the records in camera to determine which records, if any, are actually relevant and identify any irrelevant materials.” Kippenhan, WL 879628 at 1, 2 Mass. L. Rptr. 121, citing Bishop at 182.[7]
In this case, the documents pertaining to Jean Higgins’ psychological treatment as a result of childhood trauma are clearly privileged under M.G.L.c. 233, §20B, as communications between a therapist and patient regarding the diagnosis or treatment of the patient’s mental or emotional condition. Secondly, as to the determination of the relevance of Jean Higgins’ records, EVI has thus far failed to provide a compelling argument as to why these privileged documents are necessary, and furthermore, that the interests of justice in this case outweigh the importance of the confidentiality which Jean Higgins expects. “The general policy of c. 233, §20B, is to protect ‘the justifiable expectations of confidentiality that most individuals seeking psychotherapeutic treatment harbor.’ ” Petition of the Department of Social Services to Dispense with Consent to Adoption, 399 Mass. 279, 287 (1987), quoting In re Lifschutz, 2 Cal.3d 415, 431 (1970). To determine the relevance of privileged mental health communications and documents, common claims of emotional distress associated with other tort claims, axe distinguished from claims of severe psychological injury. In Kippenhan, the court cited Sabree v. United Broth. of Carpenters & Joiners, 126 F.R.D. 422, 426 (D.Mass. 1989), in its holding that plaintiffs do not place their mental or emotional condition at issue simply by making a “garden-variety claim of emotional distress” rather than a claim of “psychic injury or psychiatric disorder.” Kippenhan, at 1 n.3. In the case at hand, Higgins puts forth a claim of emotional distress only. Therefore, EVTs request to compel the mental health records relating to a particular childhood incident, beyond the redacted version which Jean Higgins has agreed to provide, is unwarranted. If, in the course of this litigation, Higgins offers evidence of psychological injuiy of a more severe nature, this court may reconsider the relevance of the totality of the mental health records at that time.
EVI has also requested information regarding the possible involvement of Higgins in the formation of MJM Technology, and seeks to compel all documentation of Higgins’ business dealings with that company. In response, Higgins denies all involvement with the formation of MJM Technology, and any possession of such documents. Massachusetts Civil Procedure Rule 34 allows for the production or inspection of documents which are in the possession or control of the party upon whom the request is served. Mass.R.Civ.P. 34(a)(1). This court cannot compel production of documents which are not in the possession of the party from whom the documents are requested. If Higgins is not in possession of the documents regarding business dealings which EVI has requested, aside from documents regarding Jean Higgins’ employment only which she has agreed to provide, then EVI may pursue the documentation by other means and pursuant to Mass.R.Civ.P. 34(c) which is applicable to persons not a parly to the action.
Lastly, EVI seeks to compel a list of documents which Higgins intends to present at trial. The material which EVI seeks to produce is essentially the attorney’s work product and is privileged. See Hickman v. Taylor, 329 U.S. 495 (1947).[8] Under Mass.R.Civ.P. 26, EVI is entitled to request all documents of “any matter not privileged, which is relevant to the subject matter involved in the pending action, including information which although inadmissible at trial, appears reasonably calculated to lead to the discovery of admissible evidence.” Mass.R.Civ.P. 26(b); see Hull Municipal Lighting Plans v. Massachusetts Municipal Wholesale Electronic Co., 414 Mass. 609, 615 (1993), review denied 415 Mass. 1102, cert. denied 114 S.Ct. 187 (1993). On the other hand, the work product doctrine protects “1) documents or other tangible things, 2) prepared in anticipation of litigation, ...” City of Worcester v. Management Co, Inc., 839 F.Supp. 86, 88 (D.Mass. 1993); see Hickman v. Taylor, 329 U.S. 495 (1947). The decisions regarding which *317 documents will be produced at the time of trial is difficult to formulate before discovery is completed, and is therefore an improper discoveiy request. Moreover, the shield preventing the discovery of documents prepared in anticipation of litigation is not absolute, but such materials are only discoverable upon a showing that the party seeking the material “has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” Mass.R.Civ.P. 26(b)(3). EVI, however, is at liberty to request documents relevant to the case at hand and pursuant to Mass.R.Civ.P. 26, and such materials are obtainable by that method. The selection of documents which Higgins prepares in anticipation of the trial cannot be compelled.
ORDER
For the reasons set forth above, EVTs Motion to Compel the Production of Documents is DENIED. EVI’s Motion for Sanctions and Request for Hearing are also DENIED.

Both EVI and Bizi, Inc. are owned by the defendant Gunnar Reslow who also serves as the president of both companies. Defendant Jason Sotka is an employee of EVI.

M.G.L.c. 233, §20B provides, in relevant part: “Except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto ... a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient’s mental or emotional condition.”

“The privilege granted hereunder shall not apply to any of the following communications: . . . (c) In any proceeding, except one involving child custody, adoption, or adoption consent, in which the patient introduces his mental or emotional condition as an element of his claim or defense, and the judge . . . finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.” M.G.L.c. 233, §20B(c).

"Bishop was a criminal case but the Court perceives no reason why the procedural safeguards should be any less in a civil case. A defendant’s need for production of relevant records pertaining to a plaintiffs psychological condition is, if anything, greater in a criminal case where the defendant’s freedom and reputation may be at stake, than in a civil case where money damages alone may be involved.” Kippenhan v. Chaulk Services, 1994 WL 87779628, at 1 n.1, 2 Mass. L. Rptr. 121.

“The documents determined to be actually relevant are to be produced for inspection by defendant’s counsel at the Court House, subject to a protective order in conformity with the appendix to the Bishop decision. These are to be placed under seal in case they are needed pursuant to an appeal.” Kippenhan v. Chaulk Services, Inc., 1994 WL 879628, at 1 n.2, 2 Mass. L. Rptr. 121.

The Federal Rule of Civil Procedure 26(a)(3) requires the disclosure of “(A) the name, and, if not previously provided, the address and telephone number of each witness, . . . (B) the designation of those witnesses whose testimony is expected to be presented by means of deposition ... (C) an appropriate identification of each document or other exhibit, ... which the party expects to offer and those which the party may offer if the need arises. Unless otherwise directed by the court, these disclosures shall be made at least 30 days before trial.” In contrast, Massachusetts Rule of Civil Procedure 26 has no such provision. See Mass.R.Civ.P. 26.