Hamlin, J.
Plaintiff, Lisa Ann Jacobs, M.D., has filed a complaint against defendant, Louis Vachon, M.D., alleging that, as a direct result of defendant’s malpractice, plaintiff has suffered from, inter alia, emotional distress and mental anguish.[1] Defendant moves to compel production of documents and to permit discovery to remain open as to plaintiffs employment and medical history.
Specifically, defendant is seeking (1) an order requiring plaintiff to produce all documents within her possession, custody, or control and to execute authorizations for the release of all documents concerning her interaction with mental health care providers other than defendant; (2) an order requiring plaintiff to produce all documents within her possession, custody, or control and to execute authorizations for the release of all documents concerning her employment after graduation from medical school; (3) an order permitting discovery to remain open as to plaintiffs medical and employment history, including, if necessary, depositions of her mental health care providers as well as her employers, and, if necessary, and upon application by defendant, any letters rogatory and commissions as are necessary to conduct depositions; (4) an order imposing a sanction on plaintiff for plaintiffs alleged false testimony declaring that any records obtained should be deemed admissible for all purposes; and (5) an order precluding plaintiff from introducing any evidence at trial concerning her alleged mental anguish, psychological trauma, or any other evidence of psychic, mental or emotional harm and any harm to her professional reputation, lost earning capacity or retardation of her medical education that she claims to have sustained as a result of defendant’s conduct. For the following reasons, defendant’s motion is ALLOWED in part and DENIED in part.
First, defendant requests that the court order plaintiff to provide all documents concerning her interaction with mental health care providers other than defendant. Plaintiff opposes this motion on the grounds that G.L.c. 233, §20B, the Psychotherapist-Patient Privilege, prohibits disclosure of this information. General Law c. 233, §20B states that communications between a psychotherapist and patient are privileged. General Law c. 233, §20B also states, however, in provision (c), that when a patient *308 introduces her mental or emotional condition as an element of her claim or defense, and the judge finds that it is more important to the interests of justice that the communication be disclosed than the relationship be protected, she has waived the psychotherapist/patient privilege. G.L.c. 233, §20B(c).
Here, plaintiff has commenced this suit against defendant on a malpractice theory. In order to succeed on a claim for malpractice, a plaintiff must prove the four traditional elements of negligence: (1) duty; (2) breach; (3) causation; and (4) damages. Malapanis v. Shirazi, 21 Mass.App.Ct. 378, 382 (1986). In her complaint, plaintiff states that she seeks to prove that defendant’s alleged malpractice caused her to suffer “emotional distress and mental anguish . . . and extreme impairment of her mental health ...” Plaintiff claims that because she is only seeking emotional distress, she has not introduced her mental condition as an element of her claim. See Sabree v. United Bhd. of Carpenters & Joiners, 126 F.R.D. 422, 426 (D.Mass. 1989). In Sabree, the court held that a party does not waive the psychotherapist-patient privilege by bringing a garden variety claim of emotional distress. The court, however, implied that a party does waive the privilege by bringing a claim of psychic injury or psychiatric disorder. Id. at 426.
In the present case, as stated above, plaintiff does claim that she has suffered from emotional distress. Plaintiff, however, also claims that she has suffered from . . . irreparable mental damage and extreme impairment of her mental health ..." Plaintiff has therefore introduced psychic damage as an element of her claim that she must prove in order to succeed on the merits, and accordingly she has waived the Psychotherapist-Patient Privilege contained in G.L.c. 233, §20B(c). Furthermore, a mental health care provider’s treatment of plaintiff is directly relevant to both the claim and the defense of plaintiffs claim. As a result, this courts finds that defendant should have the opportunity to inquire into plaintiffs treatment for the purpose of showing that the impairment to plaintiffs mental health and other damages may have been caused by circumstances not involving the defendant. In addition, this court also finds that under these circumstances it is more important to the interests of justice that the communication be disclosed than the relationship be protected.
Second, defendant requests that the court order plaintiff to produce all documents concerning her employment after her graduation from medical school. Plaintiff opposes this request based on G.L.c. Ill, §204, the Medical Peer Review Privilege. This statute serves to “promote the uninhibited expression of professional opinions before a [medical peer review committee] and protect the [medical peer review committee’s] work-product.” Beth Israel Hospital Assoc. v. Board of Registration of Medicine, 401 Mass. 172, 183 (1987). It is likely that a portion of the documents falling within the scope of defendant’s request[2] may have directly arisen out the peer review process. To the extent that any of these documents constitute a proceeding, report or record of any peer review committee, they are privileged under §204(a). All other documents included within this request, which do not constitute a proceeding, report or record of a medical peer review committee and may be found from an original source other than a peer review committee, are not privileged and accordingly must be produced. G.L.c. Ill, §204(a) and (b).
Third, defendant requests that the court leave discovery open in order to allow defendant to access plaintiffs medical history and plaintiffs employment history. The court allows this motion providing that plaintiff has thirty (30) days to produce all documents consistent with this opinion, and defendant shall then have thirty (30) days to respond.
Fourth, defendant requests that the court sanction plaintiff for allegedly providing false information at a deposition. The court denies defendant’s motion on the basis that it may be premature based on the information that the parties have submitted to the court.
Finally, defendant requests that the court issue an order precluding plaintiff from introducing any evidence at trial concerning her alleged mental anguish, psychological trauma, or any other evidence of psychic, mental or emotional harm and any harm to her professional reputation, lost earning capacity or retardation of her medical education that she claims to have sustained as a result of defendant’s conduct. This evidence that defendant seeks to have excluded pertains directly to plaintiffs case, and as a matter of law, plaintiff is entitled to an opportunity to try to prove these matters that she has alleged. Therefore, this motion is denied.

ORDER

It is hereby ordered that:
(1) defendant’s motion to order plaintiff to produce documents and to execute authorizations concerning her interaction with mental health care providers is ALLOWED.
(2) defendant’s motion requiring plaintiff to produce all documents and to execute authorizations concerning her employment after graduation from medical school is DENIED as to those documents which constitute “proceedings, reports or records” of the peer review committee and is ALLOWED as to all other records. It is further ordered that plaintiff produce only those documents which are not privileged under G.L.c. Ill, §204 consistent with this court’s opinion.
(3) defendant’s motion to order discovery to remain open is ALLOWED. Plaintiff has thirty (30) days to produce all documents consistent with this opinion. Defendant shall have another thirty (30) days to review the documents produced by plaintiff.
*309 (4) Defendant’s motion requesting that the court sanction plaintiff is DENIED.
(5) Defendant’s motion requesting that the court preclude plaintiff from introducing evidence concerning her mental anguish, psychological trauma, or any evidence of psychic, mental or emotional harm and any harm to her professional reputation, lost earning capacity or retardation of her medical education is DENIED.

 Specifically, plaintiff alleges that she has suffered great pain of body and mind; was caused to suffer irreparable mental and emotional damage; incurred mentad expenses; sustained an irretrievable loss of dignity and self-worth, an extreme impairment of her mental and emotional health and well being; remains defiled, humiliated, debased and embarrassed; and her ability to function as a well adjusted human being and to engage in the activities incident thereto were permanently and adversely affected.

Defendant makes a general request for all documents relating to plaintiffs employment after medical school and does not make any specific requests.