Agnes, A.J.
1.Introduction
This is a civil action in which the plaintiff alleges that she suffered severe injuries as a result of a motor vehicle collision in Milford, Massachusetts on May 22, 2002. The plaintiff brought suit against the operator of the other vehicle, defendant Robert Burns and his employer, alleging that her injuries were due to Burns’s negligence. Among the items of damages she seeks to recover is the loss of earning capacity (based on $52,250 oflost wages as well as partial loss of wages continuing up to the present). She alleges that she is partially disabled from working in the future. She also alleges damages in the form of medical expenses as well. ($16,273.94). During the period immediately before and after the collision, the plaintiff was involved in a contested divorce and child custody proceeding in which she alleged that her husband inflicted physical and emotional abuse on her. Plaintiffs Opposition at 2; Defendant’s Motion, exh. P.
2.Background of Discoveiy Dispute Regarding Psychotherapy Records
The present discoveiy dispute arose as a result of the defendants’ motion to compel the plaintiff to produce certain psychotherapy records and for additional discoveiy. Based on the plaintiffs claim in her complaint that she suffered mental depression and “great pain of body and mind” she was asked by defendants pursuant to a motion under Rule- 34 of the Rules of Civil Procedure to produce all documents supporting such claims. In particular, the defendants sought any and all records of treatment with psychiatrists or counselors during the ten-year period before the collision. The defendant’s response was “none in her possession.” Defendants’ Motion, Exh. E, Response 16. At her deposition, plaintiff testified that she sought treatment from Dr. Madeline Wagner for “mental depression” caused by the accident. Plaintiff did identify Dr. Madeline Wagner as a medical provider who treated her prior to the collision as well. Defendants’ Motion, exh. C, request no. 10 and answer. She also testified that she received psychological counseling from Dr. Wagner and Laura Weisburger before the accident. Defendants issued a deposition subpoena to Dr. Wagner and requested all records relating to plaintiff. Counsel for plaintiff did not oppose the subpoena but simply requested copies of the material. When Dr. Wagner indicated she was concerned about disclosing the plaintiffs “private” records, defendants sought a signed waiver from the plaintiff. Eventually, plaintiff responded by executing a “Waiver of Mental Injuiy Claim” in which she states she is aware of the defendants’ subpoena to Dr. Wagner, that she (plaintiff) treated with Dr. Wagner before and after the accident “for the divorce marital problems, that she does not wish po have these records released to defendants because they are ’’extremely personal and not related to the accident" and that she has directed her attorney “to waive and or not pursue any claims for mental health damages from this accident.” Defendants’ Opposition, exh. M.[1]
3.Discussion
Despite the repeated requests for discoveiy by the defendants and common understanding between the parties about the nature of the records sought by the defendants, it is not entirely clear that the plaintiff has asserted a privilege in the psychiatric or psychological records in question. Generally, it is only when a party asserts that a record is subject to a specific privilege that a discoveiy request is subject to judicial approval or review. See Commonwealth v. Oliveira, 438 Mass. 325, 330 (2002).[2] However, I will assume that such a privilege has been asserted based on the instructions given by plaintiff to her lawyer. It would appear that there is a basis for the assertion of a privilege. There are references in the record before me to certain documents filed by plaintiffs ex-husband in their divorce action that suggest that Dr. Wagner is a psychotherapist within the meaning of G.L.c. 233, §20B and that the records in question involve communications between a patient and her psychotherapist.
4.
The question then becomes whether the defendants’ discoveiy needs are satisfied by the plaintiffs waiver. The answer is “no.” Under settled Massachusetts law, recoveiy for “pain and suffering” in a motor vehicle tort action such as this includes both physical pain and suffering and mental pain and suffering, and encompasses damages that resulted from the accident up to the time of trial, at the time of the trial, and following the trial so long as there is a reasonable basis for the belief that damages will be incurred in the future. What is often termed “mental pain and suffering” includes “any and all nervous shock, anxiefy, embarrassment or mental anguish resulting from the injury.” Superior Court Civil Jury Instructions §3-12 (MCLE 1999). See Carr v. Arthur D. Little, Inc., 348 Mass. 469, 475 (1965). This categoiy *686 of damages thus includes harm in the form of the loss of the enjoyment of life activities, hobbies, recreational activities, family relationships, and companionship with friends affected by the physical injuries suffered by the plaintiff. Also, a party with a pre-existing condition (such as the plaintiff in this case) who suffers a physical injury is permitted to recover damages for the aggravation to that pre-existing condition whether it is physical or emotional. See Wallace v. Ludwig, 292 Mass. 251, 254-55 (1935). Even if we assume that the plaintiffs waiver was sufficiently broad to encompass damages for “mental pain and suffering,” a proposition of dubious validity, it falls short of addressing the fact that mental pain and suffering is a component of loss of earning capacity. See, e.g., Stynes v. Boston Elevated Railway, 206 Mass. 75, 77 (1910) (“If in the case at bar the plaintiffs physical or mental disability, or both combined, prevented him from performing his accustomed work, whether it consisted in manual labor or in the discharge in combination with such labor of the duties required to manage the business as skillfully as before, it was competent in proof of damages for him to introduce evidence of the nature and extent of his employment with the importance of his personal oversight in order that the jury might be able to estimate the fair value of all the services out of which he acquired a livelihood, and of which he had been deprived”). Moreover, it is unclear whether it is possible to separate the exclusion of mental pain and suffering from the calculation of medical bills in a case such as this.
5.
The final question therefore is whether defendants are entitled to access to the records in question. Based on the record before the court, including the plaintiffs claim that due to her injury she was fully disabled and remains to this day partially disabled as aresult of the physical injury and the emotional harm she suffered, she has alleged a mental impairment and assigned it as a central element of her claim. Thus, she has introduced her “mental or emotional condition as an element” of her claim within the meaning of G.L.c. 233, §20B(c). Contrast, Sabree v. United Bhd. of Carpenters and Joiners, 126 F.R.D. 422, 426 (D.Mass. 1989) (distinguishing between “garden variety” tort claim in which damages involve emotional distress and injured party is not deemed to have introduced her mental condition, and a tort claim involving a psychic injury or a psychiatric disorder).
6.Whether the Interest in Disclosure Outweighs the Interest in Confidentiality
In order to gain access to privileged records in this context, the defendants must demonstrate that “it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.” G.L.c. 233, §20B(c). Taking into consideration the specific terms of the exception contained in G.L.c. 233, §20B(c), the recognition given to the value of the patient-psychotherapist privilege in Massachusetts cases and elsewhere, I conclude that in a case in which a patient introduces his or her mental or emotional condition as an element of a claim or defense, disclosure of communications between patient and psychotherapist under G.L.c. 233, §20B(c) should not be ordered unless (1) the patient calls the psychotherapist as a witness or introduces evidence of the communication through her own testimony or otherwise, or (2) the party seeking access to the communication makes a specific showing that the truth-seeking function of the trial will be seriously impaired unless a disclosure of the communication is ordered. If the conditions for disclosure are satisfied[3] and disclosure is ordered, the court has the authority to “make any order which justice requires to protect a parly or person from . . . embarrassment. ..” Mass.RCiv.P. 26(c).[4]
7.
In the present case, the plaintiff has introduced her mental or emotional condition as an element of her claim. However, it is not clear on the record before me whether she intends to call her psychotherapist or to offer the substance of any conversations with her therapists in support of any aspect of her claim. Thus, it is not possible to determine whether “it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.” G.L.c. 233, §20B(c).
8.
The defendants have not argued and this court does not consider whether access to the records in question should be ordered on the basis that the plaintiff has waived the right to assert her privilege. See Sorenson v. H&R Block, Inc., 197 F.R.D. 199, 205 (D.Mass. 2000) (interpreting scope of G.L.c. 233, §20B, and concluding that privilege was not waived by patient disclosure of identity of psychotherapist or dates and costs of treatment or by revealing general description of substance of communications). However, portions of the records of Dr. Wagner and any other therapist that are not covered by the privilege must be disclosed. See Adoption of Saul, 60 Mass.App.Ct. 546, 553 (2004) (“In those instances where, as here, the diagnostic term does not reveal or convey the content of privileged communications, it is not protected from evidentiary disclosure by the privilege. The notations are therefore not privileged, and the admission in evidence of references to the mother’s diagnoses of‘schizophrenia’ and ‘schizoaffective disorder’ was not error”). Thus, if the plaintiff elects to make the certification ordered below, the plaintiff will still be under an obligation to produce any and all non-privileged materials within the records held by her therapists and to produce a privilege log to identify any of the records allegedly covered by the privilege and withheld from disclosure.
ORDER
In aid of this court’s responsibility to superintend the discovery process and in fairness to the defendants, the plaintiff is ordered to certify to the defen *687 dants in writing, within 21 days of this decision, whether she intends to call her psychotherapist or to offer the substance of any conversations with her therapists in support of any aspect of her claim. If the plaintiff elects to make such a certification, she will also be required to provide the defendants with a privilege log to identify any of the records allegedly covered by the privilege and withheld from disclosure.
For the above reasons, the defendants’ motion to compel production of the records of Dr. Wagner with respect to his treatment of the plaintiff is DENIED WITHOUT PREJUDICE. In the event the plaintiff states that she intends to call her psychotherapists or to offer the substance of any conversations with her therapists in support of any aspect of her claim the defendants are entitled to the disclosures sought by their motion.

The record before the court indicates that the plaintiff has not been forthcoming in responding to discovery requests in this case. For example, in answering an interrogatory about whether she had ever suffered “any personal injuries,” plaintiff responded by referring to two auto accidents, a work-related accident and a sports injury. Defendants’ Memorandum, exh. C at 4. However, in the context of her divorce case, she offered evidence of and sought to prove physical abuse including allegations of rape by her then husband. Defendants’ Memorandum exh. P.

As the Appeals Court explained in Adoption of Saul, 60 Mass.App.Ct. 546, 555 (2004), “It is the patient who must assert the privilege.” Commonwealth v. Oliveira, 438 Mass. 325, 331-32 (2002), and cases cited. This requires that the patient provide the information necessary to determine whether the person to whom the communication was made qualifies as a psychotherapist under the statute. See id. at 334. Without this information, the judge would have to resort to “inferences” concerning the actual status of the professionals whose signatures and initials appeared in the records and the contents of the entries to determine if they were made by a “psychotherapist” under G.L.c. 233, §20B, or a “social worker” under G.L.c. 112, §1358. Id. at 333.

The burden of establishing that the conditions for disclosure are satisfied rests with the party who seeks access to the privileged material. See Cabrera v. Cabrera, 23 Conn.App. 330, 339, 580 A.2d 1227, 1233 (1990).

There is nothing in G.L.c. 233, §20B(c) that directs or suggests that the court should conduct an in camera review of privileged material before ordering that it be disclosed to a party.