Agnes, A.J.
This is a negligence action where the plaintiff, Kathy Martin (“Martin”) alleges the defen *225 dants dispensed incorrect prescription medication to her. See Defendants’ Memorandum, p. 1. Prior to receiving the wrong medication, Martin had been diagnosed with bipolar disorder and was under the care of a psychiatrist and a licenced clinical social worker. See id. The defendants seek a court order to obtain access to the plaintiffs psychiatric records. For the reasons discussed below, it is hereby ORDERED that the plaintiff submit the psychiatric records for review by the defendants.
“Communications” between patients and psychotherapists, though not all correspondence and not all written statements made by a psychotherapist, are privileged communications under Mass. G.L.c. 233, §20B.[3] The privilege granted does not, however, apply “[i]n any proceeding, except one involving child custody, adoption or adoption consent, in which the patient introduces his mental or emotional condition as an element of his claim or defense, and the judge or presiding officer finds that it is more important to the interests of justice that the communication be disclosed . . .” Mass. G.L.c. 233, §20B(c).
The first question this Court must answer is whether or not Martin who alleges both “pain of body and anguish of mind” has introduced her mental and emotional condition as an element of her claim. See Donovan v. Prussman, 2000 WL 1257463 (Mass.Super.) (Agnes, J.) (12 Mass. L. Rptr. 65). While a claim for damages for mental and emotional suffering is a common element of most Massachusetts tort actions, the court must determine whether the plaintiff makes the “mental and emotional harm ... a central and not incidental aspect of her damages.” Id. at *3 In Donovan, the plaintiff alleged the mental impairment of inability to remember and function well enough to return to work, and this Court found that the plaintiff introduced her mental condition. Id. at *4. In this case, Martin specifically alleges she has, and will continue to suffer pain of body and mind. See Complaint, p. 3. More important, however, are Martin’s allegations that all of her pain and suffering damages stem from an error involving prescription medication she took for an underlying “mental or emotional” condition.[4] In order to assess this claim the defendants maintain that they need to determine the plaintiffs baseline of mental health prior to the erroneous prescription.[5]
The second issue is determining whether or not “it is more important to the interests of justice that the communication be disclosed than that the relationship between the patient and psychotherapist be protected.” Id. (citing G.L.c. 233, §20B(c)). In order to satisfy the “interest of justice” prong of the exception to the patient-psychotherapist privilege, this Court has determined that one of two circumstances must present for the Court to order the disclosure of the psychotherapist’s records. See Donovan v. Prussman, 2000 WL 1257463 (Mass.Super.) (Agnes, J.), at *7. The two situations are as follows: (1) “the patient calls the psychotherapist as a witness or introduces evidence of the communication through her own testimony or otherwise; or (2) the party seeking access to the communication makes a specific showing that the truth-seeking function of the trial will be seriously impaired unless a disclosure ... is ordered.” Id.
Martin, the patient plaintiff, does not indicate whether or not she plans to call her psychiatrist or her psychotherapist as a witness in this case. The truth-seeking function of the trial will, however, be impaired if the records are not disclosed. The parties agree on the basic factual allegations set forth in this case. The prescription that Martin alleges that the defendants wrongly dispensed was one to treat Martin’s diagnosed bipolar disorder. Not only did Martin allegedly suffer a severe physical reaction to taking the wrong prescription medication, but she also did not receive the proper prescription medication aimed at treating her “mental or emotional” condition for a period of time. Since the alleged negligence directly impacts and relates to the treatment of a patient suffering from a diagnosed “mental or emotional” illness, it will be impossible, without the requested records, to determine the truth as to the extent that Martin’s alleged damage is a result of the defendants’ negligence, and that is attributable to the “mental or emotional” stress from which Martin already suffered. Furthermore, Martin’s psychiatrist treated her during her reaction to the alleged wrong medication and after her release from the hospital. See Deposition of Kathy Martin, p. 33 (noting her psychiatrist treated fatigue, hyperness post-hospitalization). Martin’s psychiatrist was the physician determining whether or not Martin’s condition after the alleged incident was stable enough to return to work. See generally Letters of Mark J. Schlick-man, M.D. Finally, the plaintiff has not pointed to any special risks or harm she faces as a result of the disclosure of her psychiatric records.
ORDER
Because the plaintiff has introduced her “mental and emotional” condition, and the interest of justice outweighs the privilege, it is ORDERED that the plaintiff produce the psychiatric records for inspection and review by the defendant. The defendant shall exercise the utmost care in maintaining the plaintiffs privacy interests in her psychiatric records by not copying the records or disclosing them to anyone other than counsel without approval by the court.

“Except as hereinafter provided, in any court proceeding ... a patient shall have the privilege of refusing to disclose and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis and treatment of the patient’s mental or emotional condition.” M.G.L.c. 233, §20B.

Martin was diagnosed with bipolar disorder for which she was treated both medicinally at the direction of her psychiatrist and through therapy with a licensed clinical social worker. See Defendants' Memo.

The defendants conceded liability at oral argument and indicated that they had a strong interest in trying to settle the matter, but understandably could not do so without access to the plaintiffs records.