Locke, Jeffrey A., J.

INTRODUCTION

This case involves the plaintiff John Doe No. 101’s (Doe) allegations of sexual abuse by the defendant Raymond P. Messier (Messier). The plaintiff asserts the following claims against Messier in his complaint: assault and battery; negligent infliction of emotional distress; intentional infliction of emotional distress; breach of fiduciary duty; breach of duty of care; and violations of the both the Massachusetts and United States Constitutions. The plaintiffs complaint against the defendant Roman Catholic Bishop of Worcester, A Corporation Sole (Diocese), stems from the plaintiffs allegations against Messier, a priest of the Diocese at the time of the alleged abuse. The plaintiff also alleges that the defendants Michael Moes 1-10 (Moes), individuals whose names are unknown to the plaintiff, conspired to hide the alleged abuse. The plaintiff asserts the following claims against the Diocese and Moes: negligence; vicarious liability; breach of duty; and negligent infliction of emotional distress. The plaintiff also contends that Messier, the Diocese, and Moes intentionally and fraudulently hid the alleged abuse and conspired to keep such information from the public.
The matter is before this court on the Diocese’s motion for the court to order the release of Doe’s confidential records pertaining to any treatment he has received pursuant to G.L.c. 233, §20B,[2] 42 U.S.C. 290dd-2(a)[3] and 45 C.F.R. 164.508.[4] In support of its motion, the defendant has attached portions of the plaintiffs answers to interrogatories containing a de *568 scription of his alleged injuries and treatment. For the reasons that follow, the defendant’s motion is ALLOWED.

DISCUSSION

The Diocese argues that it needs Doe’s records reflecting medical, psychological, psychiatric, and substance abuse treatment in order to properly evaluate the plaintiffs claims and to prepare a defense. Although the defendant concedes that the records are privileged under G.L.c. 233, §20B, it maintains that Doe has introduced his mental and emotional condition as an element of his claim and has therefore waived the privilege pursuant to §20B(c) by making his mental and emotional condition an element of his claim.
The privilege provided by G.L.c. 233, §20B protects communications such as “conversations, correspondence, actions and occurrences related to diagnosis or treatment before, during, and after institutionalization.” G.L.c. 233, §20B. The court finds that records of Doe’s hospitalizations and treatment arc privileged under G.L.c. 233, §20B. To determine whether Doe’s records should be released pursuant to G.L.c. 233, §20B, the court must determine whether Doe has made his mental or emotional condition an element of his claims, and whether the interests of justice in disclosure outweigh the patient’s right to confidentiality.
A. Whether Doe’s Mental or Emotional ' Condition Is an Element of His Claim
The court must determine whether the moving party has established the other party’s physical or mental condition is “in controversy.” Schlagenhauf v. Holder, 379 U.S. 104 (1964); Sabree v. United Bhd. Of Carpenters & Joiners of Am., Local No. 33, 126 F.R.D. 422, 426 (D.Mass. 1989). General allegations of emotional distress, i.e. “garden variety emotional distress,” do not satisfy the “in controversy” requirement. Sabree, 126 F.R.D. at 426; Higgins v. Reslow, Civil No. 952294, at *2 (Mass.Super.Ct. May 2,1996) (Houston, J.) (5 Mass. L. Rptr. 315) (plaintiffs claim only for emotional distress). However, the requirement is met where a plaintiff claims an ongoing specific mental or psychiatric injury or disorder. Jacob v. Vachon, Civil No. 961506, at *1 (Mass.Super.Ct. Jan. 28, 2000) (Hamlin, J.) (11 Mass. L. Rptr. 307) (plaintiff claimed “irreparable mental damage and extreme impairment of her mental health”). The requirement is usually met where the plaintiff alleges psychological injury necessitating psychiatric treatment and intends to offer expert testimony supporting the claim of specific mental or psychological injury. Kippenhan v. Chaulk Serv., Inc., Civil No. 928206E, at *1 n.3 (Mass.Super.Ct. April 27, 1994) (Fremont-Smith, J.) (2 Mass. L. Rptr. 121) (plaintiff alleged severe emotional distress that warranted psychiatric treatment); see also Boremi v. Lechmere, Inc., Civil No. 9300976, at *1 n.3 (Mass.Super.Ct. Nov. 22, 1993) (Fremont-Smith, J.).
In the instant case, the plaintiff placed his mental condition directly in controversy by alleging in his pleadings that his problems with relationships, anger, and the law, as well as his alcohol and substance abuse are the result of the alleged sexual abuse for which the defendants are negligent. In his answers to interrogatories, the plaintiff outlines numerous psychiatric sequelae from the alleged sexual abuse, including severe depression, anxiely, and paranoia. Furthermore, he claims that he has been treated by Sharon Connaught and St. Vincent’s Hospital for these alleged injuries. For these reasons, the “in controversy” requirement has been met by the plaintiffs pleadings and documentation from the discovery process.

B. Whether the Interests of Justice Outweigh Doe’s Interest in the Confidentiality of the Records

Since Doe has made his emotional condition an element of his claim, the court must determine whether “it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.” G.L.c. 233, §20B(c).
The plaintiffs introduction of a mental or emotional condition as an element in the case is insufficient to waive the privilege provided by G.L.c. 233, §20B. Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D.Mass. 1997). However, if the plaintiff introduced the substance of the patient-psychotherapist communication, rather than its existence, he or she would be deemed to have waived the privilege. Id. at 230.
Disclosure of any privileged communication should not be allowed unless “(1) the patient calls the psychotherapist as a witness or introduces evidence of the communication through her own testimony or otherwise, or (2) the party seeking access to the communication makes a specific showing that the truth-seeking function of the trial will be seriously impaired unless a disclosure of the communication is ordered.” Donovan v. Prussman, Civil No. 99175D, at *7 (Mass.Super.Ct. Aug. 28, 2000) (Agnes, J.) (12 Mass. L. Rptr. 65).
In the present case, the plaintiff contends that he has suffered from psychological injury as a result of the alleged acts of the defendants. The plaintiff specifically states in his answers to the defendant’s interrogatories that he has suffered from relationship, anger, alcohol and substance abuse problems for which he has sought treatment from Sharon Con-naught and St. Vincent’s Hospital. In the absence of opposition by the plaintiff, the court presumes that the plaintiff will offer these communications as evidence of his emotional or mental condition, an element of his claim that he must prove in order to succeed on the merits. See also Kippenhan, Civil No. 928206E, at *1 n.3.
*569 A mental health care provider’s treatment of the plaintiff is directly related to both the claim and the defense of the plaintiffs claim. As a result, this court finds that the defendant should have the opportunity to inquire into the plaintiffs treatment for the purpose of showing that the impairment to the plaintiffs mental health and other damages may have been caused by circumstances not involving the defendant. This court also finds that that under these circumstances it is more important to the interests of justice that the communication be disclosed than the relationship be protected.

ORDER

For the above reasons, it is hereby ORDERED that the defendant’s motion to order the plaintiff to produce documents and to execute authorizations concerning his interaction with mental health care providers is ALLOWED.

 G.L.c. 233, §20 provides in relevant part:
Except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto ... a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient’s mental or emotional condition. The privilege granted hereunder shall not apply to any of the following communications: .. . '(c) In any proceeding, except one involving child custody, adoption, or adoption consent in which the patient introduces his mental or emotional condition as an element of his claim or defense, and the judge . . . finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.

 The court presumes the defendant intended to cite 42 U.S.C. 290dd-2(a), not 42 C.F.R. 290dd-2(a). 42 U.S.C. §290dd-2(a) provides in relevant part:
Records of the identify, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall... be confidential and be disclosed only for the purposes and under the circumstances expressly authorized . . .

 45 C.F.R. §164.508 provides in relevant part:
Except as otherwise permitted or required by this sub-chapter, a covered entity may not use or disclose protected health information without an authorization that is valid under this section. When a covered entity obtains or receives a valid authorization for its use or disclosure of protected health information, such use or disclosure must be consistent with such authorization ... [A] covered entity must obtain an authorization for any use of disclosure of psychotherapy notes . ..