Following a review of the parties• submissions, the Court has determined to reconsider and clarify its ruling authorizing the taking of discovery into Plaintiff's mental health records.[1] Upon further reflection, however, it remains the Court's view that. performing the balancing of interests prescribed by G.L. c. 233,§ 20B, Defendant has demonstrated more than sufficient grounds for overcoming the patient-psychotherapist privilege that presumptively protects such records from the reach of civil discovery.
            Under Section 20B, a judge may order the production of a patient's mental health records ''in any proceeding ... in which the plaintiff introduces his mental or emotional condition as an
 
--------------------------------------------
 
[1] For tho avoidance of a doubt raised in Defendant's filings, Plaintiff has done nothing inappropriate or deserving of sanctions in bringing forward this motion she has. The Court regrets issuing an oral ruling from the bench in regard to a matter that carries the importance of Plaintiffs mental health records. The undersigned welcomes the opportunity to explain its reasoning.
 
                                                            -1-
 
element of his claim," and where the Court finds that "it is more important to the interest of justice that [such records] be disclosed than that the relationship between patient and psychotherapist be protected." G.L. c. 233, § 208. In the present case, the Court finds that the MBTA has carried its burden. Plaintiffs lawsuit posits that, as the result of a vehicular accident caused by the MBTA's negligence, Ms. Flessas sustained a traumatic brain injury. The Complaint alleges that this injury, a neurological disorder, has caused Ms. Flessas severe and long-lasting cognitive impairments. In seeking pain and suffering damages for such neurological harms (and not merely for "emotional injury," as Plaintiff suggests in this motion), Plaintiff has manifestly placed her mental condition in issue as an element of her claim.
            As this Court recognized in Lora-Pimentel v. Girard, No. 1884CV01073 (Mass. Super. Ct. June 23, 2020) (Gordon, J.), an alleged neurological injury of the very sort claimed by Plaintiff, and for which pain and suffering damages are sought, places a claimant's medical condition directly into issue:
"Although neurological damage is physical, it surely has psychological and emotional dimensions as well. Courts have often held that plaintiffs who allege a combination of physical, psychological and emotional harms have necessarily introduced their mental condition as an clement of their claim. A claim for neurological damages like the one advanced by the Plaintiff in this case fits squarely within the ambit of mental damage, psychic damage or impairment of mental health."
Id. at* 5 (citations and quotations omitted). Accord Donovan v. Prussman, 12 Mass. L. Rptr. 65, at* 4 (Mass. Super. Ct. 2000) (Agnes, J.) ("plaintiff who alleges a physical injury accompanied by severe pain and suffering including persistent headaches, loss of memory and ability to concentrate ... has introduced her mental or emotional condition as an element of her claim in this negligence action"); Robart v. Alamo Rent-A-Car, LLC, 19 Mass. L. Rptr. 154, at* 1, 3
 
                                                            -2-
 
(Mass. Super. Ct. 2005) (Gaziano, J.) (plaintiff introduced mental condition as element of claim by alleging "traumatic brain injury with serious cognitive deficits" along with "stress, anxiety, depression, loss of energy, difficulty focusing, impaired memory, [and] loss of function");
Linscott v. Bums, 18 Mass. L. Rptr. 685, at* 1, 3 (Mass. Super. Ct. 2005) (Agnes, J.) (allegations of physical injury as well as depression satisfied first requirement of privilege waiver under G.L. c. 233, § 20B). Plaintiffs claimed brain injuries and their psychological and emotional sequelae, therefore, fall squarely within the sweep of those cases where judges have found privilege waiver under the first prong of Section 20B.
            Turning then to the second prong of the statutory test, the Court finds that the MBTA has shown that disclosure is more important to the truth-seeking interests of justice than protecting Ms. Flessas' patient-provider relationship through confidentiality. Plaintiff's mental health records are plainly material both to the cause(s) of and damage(s) from her claimed neurological injuries. The Defendant's expert, Dr. Klein, has opined (without substantive refutation) that there exists a significant symptomatic overlap between neurological and psychiatric disorders; and neither can be assessed in the realms of diagnosis and prognosis without a thorough consideration of the other. From a legal perspective, this means that the MBTA must be afforded fair access to Ms. Flessas' mental health records, so that it might explore whether Plaintiff in fact suffers a traumatic brain injury, as opposed to psychiatric symptoms or co-morbidities (e.g., anxiety and depression) that merely mimic such an injury; whether Plaintiffs symptoms source, in whole or in part, to psychiatric or other brain-related conditions pre-existing and unrelated to her 2023 accident; and whether Plaintiffs mental health history affects the anticipated duration or severity of the harms for which she seeks recompense.[2]
 
--------------------------------------------
 
[2] Plaintiffs summary assertion that she seeks only "garden-variety" emotional distress damages, therefore, fails to negate the more fundamental evidentiary relevance of her mental health records in this case.
 
                                                            -3-
 
            Numerous cases have recognized that, in these very circumstances, a litigant's interest in patient-provider confidentiality must yield to the more important truth-seeking aspirations of . justice. See, Doe v. Messier, 20 Mass. L. Rptr. 567, at* 2 (Mass. Super. Ct. 2006) (Locke, J.) ("defendant should have the opportunity to  inquire into the plaintiffs treatment for the purpose of showing that the impairment to the plaintiffs mental health and other damages may have been caused by circumstances not involving the defendant"); Jacobs v. Vachon, 11 Mass. L. Rptr. 307, at* 1-2 (Mass. Super. Ct. 2000) (Hamlin, J.) (in medical malpractice suit, therapist defendant permitted to access patient's mental health records from other providers because "defendant should have the opportunity to inquire into the plaintiffs treatment for the purpose of showing that the impairment to plaintiff's mental health and other damages may have been
caused by circumstances not involving the defendant"); Guimares v. Prete, 5 Mass. L. Rptr. 180, at*  2 (Mass. Super. Ct. 1996) (Brassard. J.) (ordering limited disclosure where "plaintiffs mental and physical health is a critical issue placed in issue by the plaintiff herself, and medical records may reveal mental and emotional distress caused by prior, unrelated results").
            In sum, Plaintiff has undeniably introduced her mental health condition as an element of her claim; and the Court finds that disclosure of her mental and psychiatric records serves an important truth-seeking function that outweighs Ms. Flessas' admittedly salutary interest in confidential patient-provider communications. That said, the Court agrees that Plaintiffs privacy interests are not completely surrendered by Ms. Flessas' commencement of civil litigation, and warrant protection to the greatest extent feasible. Therefore, the following conditions shall apply to the use and dissemination of Plaintiffs mental health records and the information contained therein:
 
                                                            -4-
 
(l)        The date range for all produced records shall run from three years prior to Plaintiffs January, 2023 accident to the present, the Court determining that the more expansive range of records sought by the MBTA sacrifices too much privacy for too little probative value.
(2)       Prior to production, the parties shall submit by motion a jointly prepared protective order that restricts the disclosure of Plaintiff's medical and psychiatric records to the Defendant's lawyers and retained experts, and limits the use of such records and the information contained therein to case-related preparations and trial.[3]
(3)       All medical and psychiatric records of the Plaintiff, and any transcripts containing protected information contained therein, shall, to the extent filed with the Court, be subject to impoundment in accordance with the Trial Court's Rules of Impoundment Procedure.
SO ORDERED.
/s/Robert B. Gordon
Justice of the Superior Court
Dated:
March 2, 2026
--------------------------------------------
 
[3] The undersigned has given due consideration  to  Plaintiff's request that any disclosure of  Ms. Flessas' mental health records be subject to a prior in camera review of same by the Court. Well-intended though such a proposal is, an unassisted Court lacks the institutional competence to appreciate what might be the nuanced connections (or disconnections) between the complex medical matters reflected in these records. Controlled disclosure of the records to subject matter experts like Dr. Klein strikes a fairer balance between the Plaintiffs interest in privacy and the Defendant's right to informed discovery.